33 P.3d 1172

The STATE of Arizona, Petitioner,

v.

Hon. Richard NICHOLS, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,

and

Jack Carpenter Motley, Real Party in Interest.

No. 2 CA–SA 01–0062.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 30, 2001.

Barbara LaWall, Pima County Attorney, By Elizabeth Hurley, Tucson, for Petitioner.

Lingeman and Bock, By Richard C. Bock, Tucson, for Real Party in Interest.

*OPINION*

FLÓREZ, J.

¶ 1 Real party in interest Jack Motley was charged by indictment with possessing a dangerous drug for sale and possessing marijuana for sale.[1] Petitioner State of Arizona filed an allegation of serious drug offense (significant source of income) pursuant to A.R.S. § 13–3410(A), which provides, in relevant part, that a person convicted of one or both of these substantive offenses who receives more than $25,000 income in a calendar year through a pattern of illegal drug sales shall be sentenced to life imprisonment with no possibility of parole for twenty-five years. The respondent judge found § 13–3410(A) unconstitutional and dismissed the allegation of serious drug offense, a ruling the state challenges in this special action. Because the state has no equally plain, speedy, or adequate remedy by appeal, *see* A.R.S. § 13–4032; because the constitutional question presented is one of law and of statewide importance, *see Moss v. Superior Court,* 175 Ariz. 348, 857 P.2d 400 (App.1993); and because we find the respondent judge exceeded his legal authority in ruling the statute unconstitutional, we accept jurisdiction and grant relief. Ariz. R.P. Special Actions 1, 3, 17B A.R.S.

¶ 2 Citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Motley filed a pretrial motion requesting a jury trial on the serious drug offense allegation. Motley further requested that the trial be bifurcated so that the jury deciding his guilt on the substantive drug counts set forth in the indictment would not be influenced by unfairly prejudicial other acts evidence involving uncharged drug sales and income therefrom. *See* Ariz. R. Evid. 404(b), 17A A.R.S.

¶ 3 At issue in *Apprendi* was a New Jersey "hate crime" statute that required the judge to increase the defendant's maximum prison sentence if the judge found by a preponderance of evidence that, in committing the underlying firearms offense, the defendant had acted with a purpose to intimidate because of race. *Apprendi,* 530 U.S. at 469, 120 S.Ct. at 2351, 147 L.Ed.2d at 442. The Supreme Court concluded that the statute violated the defendant's constitutional rights to a jury trial and due process, holding: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

¶ 4 Motley subsequently filed another pretrial motion, this time seeking dismissal of the allegation on the ground it was not a simple sentence enhancement, but rather, constituted a substantive offense. He argued that § 13–3410(A) mirrors the crime of "continuing criminal enterprise" (CCE), a substantive federal offense. *See* 21 U.S.C. § 848. Motley contended that the state could pursue the serious drug offense allegation only by way of a grand jury indictment and not merely by filing an allegation, as the state had done.

¶ 5 The respondent judge entertained both motions at the same hearing. The parties began by arguing how the *Apprendi* issue should be addressed at trial, but the discussion then shifted to the grand jury issue. The respondent judge ultimately granted Motley's motion to dismiss the allegation,

---

1. Motley was also indicted on eight other charges that are not relevant to this action.

merely stating, "Court finds it's unconstitutional." The respondent judge neither elaborated on his reasoning nor identified the specific constitutional provision or provisions he found offended by § 13–3410(A).

■ ¶6 We first address the possibility that the respondent judge found § 13–3410(A) unconstitutional for the same reason the Supreme Court found the New Jersey statute unconstitutional in *Apprendi.* As alleged here, § 13–3410(A) presents a classic *Apprendi* scenario; it mandates a sentence—life imprisonment—far beyond the maximum sentencing range for possessing dangerous drugs or marijuana for sale upon the finding of specific facts: annual income through illegal drug sales exceeding $25,000. Under *Apprendi,* these facts must be proven to a jury beyond a reasonable doubt. The New Jersey statute expressly provided that the factual question there—racial motivation—be found by the judge by a preponderance of the evidence.

■ ¶7 Section 13–3410(A), in contrast, is silent as to the identity of the fact-finder or the standard of proof; the statute is therefore not facially unconstitutional as was the statute in *Apprendi.* Moreover, no published Arizona case has interpreted § 13–3410 in a way that would necessarily render it unconstitutional under *Apprendi.*[2] A statute is presumed to be constitutionally valid and should be construed to avoid constitutional conflicts. *See Miller v. French,* 530 U.S. 327, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000); *State v. Yabe,* 114 Ariz. 89, 559 P.2d 209 (App.1977). Construing § 13–3410(A) with those concepts in mind, we hold that the fact of drug-sale income greater than $25,000 must be found by a jury beyond a reasonable doubt.

¶8 Based on the transcript of the hearing below and his ultimate dismissal of the allegation, it appears more likely that the respondent judge found § 13–3410(A) unconstitutional based on the grand jury issue raised in Motley's subsequent motion, although the relief granted exceeded what Motley had actually requested. That motion was based

strictly on a purported similarity between § 13–3410(A) and the federal crime of CCE, but Motley made no claim that Arizona courts are compelled by law to interpret Arizona statutes consistently with comparable federal statutes and made no constitutional argument on this issue whatsoever. In oral argument on the motion, however, the state maintained that, because § 13–3410 does not establish a specific class of felony, presenting the allegation to the grand jury would not be possible. The state further posited that, if the respondent judge were to dismiss the allegation, it could only be because the statute was "unconstitutional because you can't apply it in light of *Apprendi.*" Motley requested "that the statute be found unconstitutional as it sits right now in terms of the method and manner which the State can just go ahead and use it as an addendum to the indictment."

¶9 As we have stated, the respondent judge found the statute unconstitutional without further comment. Based on the context of this discourse at the hearing, which clearly mixed concepts from both of Motley's pending motions, we can only conclude the respondent judge found that the fact-finding called for under § 13–3410(A) falls within the *Apprendi* rule and that any facts required to be found by the trier of fact must first be the subject of an indictment by the grand jury. Because the state had filed the serious drug allegation pursuant to § 13–3410(A) without presenting it to the grand jury, the respondent judge apparently reasoned that the statute as applied by the state in this case is unconstitutional.

■ ¶10 *Apprendi* is premised on the notion that any fact that subjects a defendant to additional punishment is the "functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict"; thus, any such fact must be found by a jury beyond a reasonable doubt. *Apprendi,* 530 U.S. at 494 n. 19, 120 S.Ct. at 2365 n. 19, 147 L.Ed.2d at 457 n. 19. The federal courts have found that these *Apprendi*-element equivalents must also be charged in the indictment. *See, e.g., United States v.*

---

2. Indeed, we are aware of only one passing reference to the serious drug offender statute in Arizona case law. *See State v. Padilla,* 176 Ariz. 81, 859 P.2d 191 (App.1993).

*Promise,* 255 F.3d 150 (4th Cir.2001); *United States v. Aguayo–Delgado,* 220 F.3d 926 (8th Cir.), *cert. denied,* 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000). *Apprendi* does contain the language " 'any fact (other than [a] prior conviction) that increases the maximum penalty for a crime must be charged in an indictment' " but only in reciting the holding of a precursor case that involved a federal statute. *Apprendi,* 530 U.S. at 476, 120 S.Ct. at 2355, 147 L.Ed.2d at 446, *quoting Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 1224 n. 6, 143 L.Ed.2d 311, 326 n. 6 (1999). The federal courts, however, are governed by the Fifth Amendment requirement that serious charges be presented to a grand jury; this is one of the few rights that has expressly been found *not* to be applicable to the states through the Fourteenth Amendment and the selective incorporation doctrine. *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111; 28 L.Ed. 232 (1884); 1 Wayne R. LaFave et al., *Criminal Procedure* § 2.6(b) n. 33 (2d ed.1999).

¶ 11 Whether *Apprendi*-element equivalents must be included in the charging document in state court prosecutions remains an open question.[3] The *Apprendi* Court noted that Apprendi's claim had been based solely on his due process and jury trial rights under the Fourteenth Amendment and that he had not asserted a constitutional claim based on the omission of the racial bias "sentence enhancement" element in his indictment, stating, "We thus do not address the indictment question [in the state statute context] separately today." *Apprendi,* 530 U.S. at 477 n. 3, 120 S.Ct. at 2356 n. 3, 147 L.Ed.2d at 447 n. 3. Thus, if, as we surmise, the respondent judge found § 13–3410(A) unconstitutional because he concluded *Apprendi* requires that the facts contained in a serious drug offense

allegation also be included in the charging document, he was mistaken.[4]

¶ 12 Section 13–3410(A) does not define a substantive crime in and of itself; it bears no felony designation and functions only to enhance the sentence resulting from conviction for certain enumerated drug offenses. Although *Apprendi* might have ushered in significant changes in the way various Arizona statutory provisions such as this one, formerly considered to be sentence enhancers, will be proved, it has not dictated a change in how such provisions must be alleged. *See Poole v. State,* No. CR–99–1200, 2001 WL 996300, at *16 (Ala.Crim.App. Aug.31, 2001) ("[A] fact that increases a sentence above the statutory maximum need not be alleged in the indictment. The State should, however, give notice of its intention to seek these enhancements."); *State v. Guice,* 141 N.C.App. 177, 541 S.E.2d 474 (2000) (refusing to extend *Apprendi* rule to mandate inclusion of sentence enhancement facts in state court charging document because *Apprendi* Court expressly did not reach issue and not constitutionally required); *but see People v. Kaczmarek,* 318 Ill.App.3d 340, 251 Ill.Dec. 953, 741 N.E.2d 1131 (2000); *State v. Lucas,* 353 N.C. 568, 548 S.E.2d 712 (2001) (holding sentence enhancement facts must be alleged in indictment, based on language in *Jones* and *Apprendi,* but not mentioning *Guice* ). We do not believe that *Apprendi* has affected Arizona's long-standing practice of permitting the state total discretion to initiate its pursuit of sentence enhancements by the filing of an allegation no later than twenty days before trial pursuant to A.R.S. § 13–604(P) or Rule 16.1(b), Ariz. R.Crim. P., 16A A.R.S., the procedure the state presumably followed here. *See State v. Whitney,* 159 Ariz. 476, 768 P.2d 638 (1989) (allegation of dangerous

---

**3.** Neither the state nor Motley argues that article II, § 30, of the Arizona Constitution requires that *Apprendi*-element equivalents be included in the indictment or information.

**4.** We are aware of a recent opinion of Division One of this court, *State v. Garcia,* 200 Ariz. 471, ¶ 23, 28 P.3d 327, ¶ 23 (App.2001), that states, "The United States Supreme Court has recently held that, with the possible exception of sentencing factors such as prior convictions, any ele-

ment of an offense that increases the penalty *must be charged in the indictment* and proven to the jury beyond a reasonable doubt." (Emphasis added.) The *Apprendi* issue in *Garcia* involved the omission of the victim's age from the jury instructions, not any question about the charging document. *Garcia*'s reference in dictum to the indictment issue may represent a misreading of *Apprendi,* which expressly did not reach the state court charging document question.

nature offense); *State v. Waggoner*, 144 Ariz. 237, 697 P.2d 320 (1985) (allegation of on-parole status); *State v. Guytan*, 192 Ariz. 514, 968 P.2d 587 (App.1998) (allegation of intent to promote criminal street gang). The state was not constitutionally required to first present the § 13–3410(A) allegation to the grand jury or otherwise include that allegation in the charging document.

¶ 13 Moreover, including the § 13–3410 allegation in the charging document would not be possible as a practical matter. Section 13–3410 does not define a discrete offense; such a serious drug offender "offense" could not be independently charged until a person "stands convicted of a serious drug offense." [5] § 13–3410(A). Thus, an indictment or information could not be brought against an accused under § 13–3410 unless that person had already been convicted of "a serious drug offense." § 13–3410(A). But that person would have been sentenced on the substantive drug offense within thirty days of that drug conviction, long before the serious drug offender "offense" could be "prosecuted" to completion. *See* Ariz. R.Crim. P. 26.3(a)(1), 17 A.R.S. Such a result would run afoul of the clear legislative intent of § 13–3410, which is to enhance the sentence actually imposed for the underlying drug offense.

¶ 14 In addition, treating § 13–3410 as a distinct, substantive offense would not necessarily inure to a defendant's benefit. Were it a distinct offense, a person convicted of and sentenced for one of the enumerated serious drug offenses could be indicted years later for being a serious drug offender, resulting in further imprisonment of twenty-five years to life. This scenario would be contrary to the statute's legislative purpose and would also raise serious double jeopardy questions.

¶ 15 In sum, we find no constitutional infirmity in the legislature's enactment of § 13–3410 to define not a substantive offense but, rather, an enhanced penalty for conviction of serious drug offenses when additional facts are proven. Those facts need not be alleged in the charging document provided that the notice of them given the defendant comports with Arizona's traditional notice requirements for alleging sentence enhancements. Accordingly, we conclude that the respondent judge proceeded without legal authority when he found § 13–3410(A) unconstitutional and dismissed the serious drug offender allegation. We therefore vacate that order.

¶ 16 At oral argument in this court, the state conceded, and we agree, that a bifurcated trial is required in this situation and that the governing standard of proof is beyond a reasonable doubt, as we have already held. *See supra* ¶ 7.[6] *See State v. Gross*, 201 Ariz. 41, ¶ 21, 31 P.3d 815, ¶ 21 (App.2001) (*Apprendi* enhancements "should be tried by the same jury that tried the substantive charge"); *State v. Gilbert*, 119 Ariz. 384, 581 P.2d 229 (1978) (outlining bifurcated trial procedure formerly used to determine prior convictions pursuant to A.R.S. § 13–604(P), 1996 Ariz. Sess. Laws, ch. 34, § 1). Thus, only if a jury convicts Motley of one of the underlying drug offenses should the same jury be reconvened for the second stage of the trial, at which the state must prove beyond a reasonable doubt the facts necessary for sentence enhancement under § 13–3410.

BRAMMER, JR., P.J. and PELANDER, J., concurring.

---

5. "Serious drug offense" is defined in A.R.S. § 13–3410(D)(1) to include several drug offenses involving narcotic drugs, dangerous drugs, and marijuana in amounts equaling or exceeding the statutory threshold.

6. The state also withdrew its argument that *Apprendi* is not retroactively applicable to this case.