98 P.3d 881

STATE of Arizona, ex rel. Matthew
J. SMITH, Mohave County
Attorney, Petitioner,

v.

The Honorable Steven F. CONN, Judge of
the Superior Court of the State of Ari-
zona, In and For the COUNTY OF MO-
HAVE, Respondent Judge,

Phillip Wayne Tinnell, Real
Party In Interest.

No. 1 CA–SA 04–0180.

Court of Appeals of Arizona,
Division 1, Department D.

Oct. 14, 2004.

Matthew J. Smith, Mohave County Attorney, Kingman By Gregory A. McPhillips, Deputy County Attorney, Attorneys for Petitioner.

Dana P. Hlavac, Mohave County Public Defender, Kingman By Jill L. Evans, Deputy Public Defender, Attorneys for Real Party in Interest.

THOMPSON, Presiding Judge.

¶ 1 Petitioner State of Arizona brings this special action to challenge the trial court's order denying the state's motion to add an allegation of aggravating factors to the indictment and request for jury trial. According to the trial court, *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), as applied to the Arizona statutory scheme, prohibits the imposition of an aggravated sentence, and there is no mechanism for imposing a sentence greater than the presumptive. For the following reasons, we accept special action jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In February 2004, real party in interest Phillip Wayne Tinnell (defendant) was indicted for aggravated assault, a class 3 felony; aggravated assault, a class 4 felony; and attempted first-degree murder, a class 2 felony. On July 15, 2004, the state filed a motion to add an allegation of aggravating factors as an addendum to the indictment, an addendum to the indictment (aggravating factors), and a request for jury trial. The state alleged eleven aggravating factors. On July 19, 2004, the trial court denied the state's motions, explaining:

The Court is taking the position, as it believes are most judges, prosecutors and defense attorneys throughout the state, that "the prescribed statutory maximum" in Arizona would refer to the presumptive sentence. The Court believes that *Blakely* does not purport to rewrite existing sentencing statutes. The Court believes that it instead purports to invalidate certain portions of sentencing schemes without necessarily defining with what they should be replaced. [Arizona Revised Statutes (A.R.S.) § 13–702(B) (Supp.2003)] provides that a sentence may be increased

only if the aggravating circumstances alleged are found to be true by the trial judge. The Court believes that until the Arizona legislature enacts legislation changing this statute, which has essentially been invalidated by *Blakely,* there exists no avenue for the imposition of an aggravated sentence in Arizona unless it is based upon a defendant's prior convictions or unless the defendant has waived the right to have a jury determination of aggravating factors.

This special action followed.

## JURISDICTION

¶ 3 The acceptance of jurisdiction in a special action is discretionary. *King v. Superior Court,* 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (citations omitted). We may accept special action jurisdiction when there is no other means of obtaining justice, *id.* (citing *Nataros v. Superior Court of Maricopa County,* 113 Ariz. 498, 557 P.2d 1055 (1976)), or where the issue is one of statewide importance, *Citizens Clean Elections Comm'n v. Myers,* 196 Ariz. 516, 517, 1 P.3d 706, 707 (2000). In addition, if the issue presented is "a clear issue of law" that is likely to recur, we can accept special action jurisdiction to resolve the issue and prevent unnecessary cost and delay to other litigants. *Summerfield v. Superior Court,* 144 Ariz. 467, 469–70, 698 P.2d 712, 714–15 (1985) (citation omitted) (accepting special action jurisdiction to determine whether parents of a viable fetus that was stillborn as a result of medical malpractice can maintain wrongful death suit). The issue presented here arises out of a change in the law effected in *Blakely* and is one of first impression and statewide importance. Because the issue is likely to recur, and the outcome will have a widespread effect on many cases, we accept special action jurisdiction.

## DISCUSSION

¶ 4 In *Blakely,* the United States Supreme Court held that, absent additional findings, a guilty verdict authorizes no more than the presumptive sentence for the conviction. 124 S.Ct. at 2537. The "statutory maximum" sentence that a trial judge can

impose is determined *"solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id.* (citation omitted). The "statutory maximum" is not the maximum sentence that a trial judge may impose after finding additional facts but rather the maximum sentence that the trial judge can impose *without* additional findings. *Id. Blakely* holds that the constitutional right to trial by jury entitles a defendant to a jury determination of "all facts legally essential to the punishment." *Id.* at 2543.

¶ 5 In this case, the state asserts that the trial court erred in denying the state's motion to add an allegation of aggravating factors to the indictment and request for jury trial because a jury must determine aggravating factors after *Blakely*. Defendant agrees. The trial court, however, determined that *Blakely* essentially invalidated Arizona's statutory scheme for imposing aggravated sentences unless a defendant waives a right to a jury trial on aggravating factors. According to the trial court, until the legislature enacts new legislation, there is no statutory authority to aggravate a sentence. We have accepted special action jurisdiction to resolve this issue.

¶ 6 The current version of A.R.S. § 13–702(B) allows a trial judge to impose an aggravated or mitigated sentence:

The upper or lower term imposed pursuant to § 13–604, 13–604.01, 13–604.02, 13–702.01 or 13–710 or subsection A of this section may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge on any evidence or information introduced or submitted to the court before sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

We have a duty to construe a statute to be constitutional if possible. *Blake v. Schwartz,* 202 Ariz. 120, 122, ¶ 10, 42 P.3d 6, 8 (App. 2002) (citations omitted). We disagree with the trial court's conclusion that A.R.S. § 13–702(B) is invalid after *Blakely*. That A.R.S. § 13–702(B) requires a trial judge to find aggravating factors does not mean that, post-

*Blakely,* juries cannot do so without a legislative change to the statute.

¶ 7 There is nothing in the plain language of A.R.S. § 13–702(B) that prohibits a trial court from submitting aggravating factors to the jury. Moreover, nothing in A.R.S. § 13–702(B) prevents a jury from finding aggravating factors. Once a jury finds an aggravating factor, *Blakely* is satisfied, and A.R.S. § 13–702(B) allows a trial judge to impose an aggravated sentence after consideration of the factors enumerated in A.R.S. § 13–702.

¶ 8 Arizona law has long recognized the state's ability to give pretrial notice of factors that could enhance a defendant's sentence. In *State v. Waggoner,* four days before trial, the state filed an allegation under A.R.S. § 13–604.01 (now A.R.S. § 13–604.02 (2001)) that the defendant committed the offense while on parole, which would have mandated a prison term. 144 Ariz. 237, 238, 697 P.2d 320, 321 (1985). The defendant argued that timely pretrial notice of such an allegation was required and that such notice must comply with Arizona Rule of Criminal Procedure 16.1(b), which requires all motions to be made no later than twenty days before trial. *Id.* The trial court ultimately found the allegation to be true and sentenced the defendant accordingly. *Id.*

¶ 9 The supreme court found that "[a]lthough parole or other release status under A.R.S. § 13–604.01 is 'in the nature of an aggravating circumstance'.... A defendant must know the extent of potential punishment he faces before he can ever decide whether to enter a guilty plea to the charge." *Id.* at 238–39, 697 P.2d at 321–22 (quoting *State v. Turner,* 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984)). In addition, a defendant should know the full extent of potential punishment before trial. *Id.* at 239, 697 P.2d at 322 (quoting *State v. Rodgers,* 134 Ariz. 296, 306, 655 P.2d 1348, 1358 (App.1982)). The *Waggoner* court held that "a defendant must receive notice before trial commences that the state intends to allege his release status to enhance punishment pursuant to A.R.S. § 13–604.01." *Id.* In *Waggoner,* the indictment referenced the correct statute, and documents filed more than twenty days before the original trial date gave the defendant

notice that the state intended to allege his parole status. *Id.* The court found such notice sufficient. *Id.*

¶ 10 As in *Waggoner,* the state here seeks to give notice of allegations of aggravating factors that could increase defendant's sentence by amending the indictment to allege such factors. *Waggoner* dictates that the state can give such notice before trial. Moreover, nothing in *Blakely* prevents the state from simply giving notice of what it intends to allege and prove at trial. Defendant does not assert that this matter must go to a grand jury for a probable cause finding. As noted, defendant agrees that the procedure of utilizing a notice of aggravators is acceptable. In a prior decision, after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Division Two of this court held that aggravators that are now the functional equivalent of elements "need not be alleged in the charging document provided that the notice ... given the defendant comports with Arizona's traditional notice requirements for alleging sentence enhancements." *State v. Nichols,* 201 Ariz. 234, 238, ¶ 15, 33 P.3d 1172, 1176 (App.2001). Such is consistent with *Apprendi's* holding that the Fourteenth Amendment "has not, however, been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury.' " 530 U.S. at 477 n. 3, 120 S.Ct. 2348; *see also State v. Scott,* 177 Ariz. 131, 141, 865 P.2d 792, 802 (1993) (citing *State v. Richmond,* 136 Ariz. 312, 316, 666 P.2d 57, 61 (1983)) (Arizona has history of not requiring "that a defendant be advised in the indictment or information of the statutory penalty").

¶ 11 In *Harris v. United States,* the United States Supreme Court held that the Constitution permits a trial judge to find facts that "give rise to the minimum" sentence but noted that

> *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime—and thus the domain of the jury—by those who framed the Bill of Rights.

536 U.S. 545, 557, 568–69, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Once a trial judge sentences a defendant to a mandatory minimum,

a jury has "already [ ] found all the facts necessary to authorize the Government to impose the sentence" without seeking further authorization from the jury. *Id.* at 565, 122 S.Ct. 2406.

¶ 12 The notice the state seeks to give here regarding aggravating factors is necessary to both put defendant on notice of the maximum sentence he may receive and to allow the jury to consider those factors so that, in the event of conviction, the trial judge may impose a sentence that complies with both *Blakely* and A.R.S. § 13–702. The state will then be able to introduce evidence of any alleged factors to the jury. It will be up to the jury to determine whether the state has proven the existence of any alleged aggravating factor. If the jury does so, it will have found the facts necessary to allow the trial judge to impose an aggravated sentence under A.R.S. § 13–702(B). Once authorized to sentence within the statutory range for aggravated sentences, the facts "legally essential to the punishment" have been found. *Blakely,* 124 S.Ct. at 2543. Other factors in aggravation or mitigation may then be considered.

█ ¶ 13 The United States Supreme Court stated in *Harris:*

> Yet not all facts affecting the defendant's punishment are elements. After the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which the offense was committed. Though these facts may have a substantial impact on the sentence, they are not elements and thus are not subject to the Constitution's indictment, jury, and proof requirements.

536 U.S. at 549, 122 S.Ct. 2406; *Jones v. United States,* 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ("It is not, of course, that anyone today would claim that every fact with a bearing on sentencing must be found by a jury[.]"). If the jury convicts defendant but does not make the necessary factual findings to support an aggravated sentence, the trial judge can impose no more than the presumptive sentence.

¶ 14 We note that, while no rule or statute specifically authorizes a pretrial allegation of aggravating factors, the *Waggoner* court per-

mitted the procedure sought to be followed here so that notice comporting with due process could be given. *State v. Gross,* 201 Ariz. 41, 31 P.3d 815 (App.2001), is also instructive. We held that an allegation that the defendant committed an offense while on bail for another offense must be tried to a jury. *Id.* at 44, ¶ 9, 31 P.3d at 818. Notwithstanding that A.R.S. § 13–604(P) required such an allegation to be determined by the court, we remanded for trial on the enhancement issue. *Id.* at 47, ¶ 26, 31 P.3d at 821; *see also Nichols,* 201 Ariz. 234, 33 P.3d 1172 (notice of enhancement allegation required and jury trial afforded); *Aragon v. Wilkinson (State),* 209 Ariz. 61, 97 P.3d 886 (App. 2004) (authorizing jury trial on facts alleged in aggravation). *Blakely* contemplates that at least some facts relevant to punishment will go to the jury. 124 S.Ct. at 2541. In responding to Justice Breyer's concern that *Apprendi* prejudices defendants who plead guilty by depriving them of the opportunity to argue sentencing factors to a judge, *Blakely* notes that

> nothing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial fact-finding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial. We do not understand how *Apprendi* can possibly work to the detriment of those who are free, if they think its costs outweigh its benefits, to render it inapplicable.

*Id.* (citations omitted).

¶ 15 We therefore hold that the trial court here abused its discretion by denying the state's motion to add an allegation of aggravating factors to the indictment and request for jury trial. The jury should be allowed to consider the aggravating factors. The trial court must determine which factors, if any, may be considered by the jury before it returns a verdict, and which aggravating factors, if any, must be considered in a subsequent bifurcated proceeding.

## CONCLUSION

¶ 16 For the foregoing reasons, we accept special action jurisdiction and grant relief.

CONCURRING: DANIEL A. BARKER and SHELDON H. WEISBERG, Judges.