OPINION

BRAMMER, J.
¶ 1 After a jury trial, appellant Gerald Ray Timmons was found guilty of armed robbery, aggravated robbery, six counts of kidnapping, and six counts of aggravated assault. The trial court sentenced Timmons to a combination of consecutive and concurrent, presumptive and aggravated prison terms totaling 30.5 years. Timmons appeals.
¶ 2 The court aggravated the sentences for the armed robbery and aggravated robbery convictions based on the following aggravating factors: 1) significant emotional harm to multiple victims; 2) the offenses were committed for pecuniary gain; 3) Timmons committed the crimes with accomplices; 4) Tim-mons was on probation in California at the time of the offenses; and 5) Timmons’s criminal history. The court concluded that these aggravating factors outweighed the mitigating factors it had found that Timmons was remorseful and had family and community support.
¶ 3 Timmons argues on appeal that the trial court violated Blakely v. Washington, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by aggravating his sentences using factors not found by the jury. Timmons also claims that Arizona’s sentencing scheme is unconstitutional because A.R.S. § 13-702(B), the subsection of the statute requiring a trial court to find and weigh sentencing factors, is not severable from the rest of the scheme. Finally, Timmons contends that, on remand for resentencing, the state is precluded from submitting any aggravating factors to the jury that it had not charged in the indictment. We vacate Timmons’s aggravated sentences and remand the case for further proceedings.
Discussion

Blakely Challenge

¶ 4 Timmons argues that the trial court violated Blakely by aggravating his sentences based on factors not found by the jury. In Blakely, the United States Supreme Court, elaborating on its earlier holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), held that a judge may not impose a sentence beyond that authorized solely by a jury’s verdict or a defendant’s guilty plea unless it is based on facts either admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. In this case, without additional findings of fact, the presumptive sentences for the aggravated robbery and dangerous nature, armed robbery convictions were 3.5 years and 10.5 years, not the aggravated sentences of seven and twenty years the trial court imposed. A.R.S. §§ 13-1902, 13-1903, 13-1904, 13-604, 13-701. The aggravated sentences, therefore, violate Blakely, unless Blakely’s requirements have been waived or otherwise satisfied.

Waiver

¶ 5 The state argues that Timmons has waived the “application of Blakely by failing to raise any right-to-jury-trial issues at sentencing.” Blakely, however, was decided four months after Timmons was sentenced. Further, at the time of Timmons’s sentencing, “our prior decision in State v. Brown, 205 Ariz. 325, 70 P.3d 454 (App.2003), *396 later vacated by our supreme court, 209 Ariz. 200, 99 P.3d 15 (2004), had ruled Apprendi inapplicable to aggravating circumstances under A.R.S. § 13-702(C).” State v. Resendis-Felix, 209 Ariz. 292, ¶ 4, 100 P.3d 457, 459 (App.2004). Although Timmons could have made an Apprendi-type challenge in the trial court, despite Blakely’s not yet having been decided, we do not fault him for not raising a claim that Brown, the only Arizona case that had at that time directly addressed it, had rejected. Additionally, a Blakely sentencing error, unless harmless, constitutes fundamental error. Resendis-Felix, 209 Ariz. 292, ¶ 5, 100 P.3d at 459 (“Sentencing a defendant outside constitutional limits creates an illegal sentence, which can constitute fundamental error.”).

Must Jury Find All Aggravating Factors ?

¶ 6 The state further argues that, because one Blakely-compliant aggravating factor — the presence of accomplices — is implicit in the jury verdict, the trial court was permitted to find additional aggravating factors without violating Blakely’s mandate. The jury found beyond a reasonable doubt only that Timmons had committed his offense with accomplices,[1] one of the five factors the court used to aggravate two of Timmons’s sentences. And a recent decision by Division One of this court held that one Blakelycompliant factor increases the maximum prison term authorized by a guilty verdict or plea to the aggravated term for the offense. State v. Martinez, 209 Ariz. 280, 100 P.3d 30 (App.2004); see also State ex rel. Smith v. Conn, 209 Ariz. 195, 98 P.3d 881 (App.2004).
¶ 7 Nevertheless, we decline to follow Division One’s lead because, in State v. Ring, 204 Ariz. 534, 65 P.3d 915 (2003) (Ring III), our supreme court essentially rejected its analysis in the capital sentencing context, finding-one Sixth Amendment-compliant factor insufficient, in and of itself, to permit a trial court to find additional aggravating factors, notwithstanding that an Arizona capital defendant technically becomes eligible for the death penalty when a single capital aggravating factor is established. In Ring III, our supreme court found that the state had too narrowly construed the United States Supreme Court’s holding in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Ring II), ruling instead that Ring II requires a jury finding on each aggravating factor.
¶ 8 Both Ring II and Blakely are the legal progeny of Apprendi. Both articulated the constitutional requirement that only a jury may find beyond a reasonable doubt any factor used to aggravate a sentence beyond that permitted solely by a guilty verdict or plea, whether in the capital or noncapital context. We find nothing in Blakely requiring us to depart from our supreme court’s analysis of the Ring II standard.
¶ 9 Further, in Ring III, our supreme court noted that the capital sentencing scheme requires balancing of aggravating and mitigating factors, a process that can only be accomplished by considering all of the aggravating factors. Arizona’s noncapi-tal sentencing statute, § 13-702, similarly requires that, before a defendant is eligible for an aggravated term, a trial court must conclude, after weighing all factors, that the aggravating factors outweigh the mitigating factors.
¶ 10 Finally, despite the state’s insistence that one Blakely-compliant factor satisfies the Sixth Amendment and permits a trial court to then find and weigh additional aggravating factors, our supreme court noted in Ring III that “the procedures urged by the State do not reflect any sentencing procedure ever adopted by our legislature.” 204 Ariz. 534, ¶ 89, 65 P.3d at 943. Because Blakely has now similarly engrafted on Arizona’s noncapital sentencing process new requirements not specifically found within the statutes, we see no reason why principles different from those grounding Ring III should apply in the noncapital sentencing context.
¶ 11 When the legislature enacted § 13-702, it required that the same fact-finder find *397 all aggravating factors using the same standard and then weigh them against any mitigating factors it found under the same standard. The state’s proposed analysis implies that, once a jury has found one aggravating factor under the heightened evidentiary rules of a trial proceeding, a trial court may find additional aggravating factors under the relaxed, pre-Blakely rules found in § 13-702. But § 13-702(B) contemplates no discrimination among aggravating factors, either as to who shall find them or by what standard they shall be found. We cannot find embraced within the legislature’s intent the concept the state urges here — having both the jury and the court finding aggravating factors under different standards. In sum, we can find no principled distinction between the considerations grounding Ring III, in which our supreme court rejected the same argument the state advanced in the capital context, and the application of those same considerations in the noncapital context.
¶ 12 Furthermore, contrary to the state’s argument, the trial court had no occasion to either analyze or determine whether the single Blakely-compliant aggravating factor present here, the presence of accomplices, by itself outweighed, without reference to the other aggravating factors it had found, the mitigating factors it had found. Absent such analysis and determination, the weighing § 13-702 prescribes cannot occur if a jury has not found beyond a reasonable doubt each aggravating factor the court considers.

Harmless Error

¶ 13 The state further argues that any error was harmless. Blakely error is subject to a harmless error analysis. Resendis-Felix. We will not consider harmless any finding of an aggravating factor if evidence and witness credibility could be weighed differently by a jury than it was by the sentencing judge. See State v. Henderson, 209 Ariz. 300, 100 P.3d 911 (App.2004); Resendis-Felix. We will find the error harmless only if we conclude, beyond a reasonable doubt, that the error did not contribute to or affect the sentence imposed. See State v. Cropper, 206 Ariz. 153, 76 P.3d 424 (2003). If reasonable doubt exists on whether the error has affected the outcome, then the error is not harmless, and the case must be remanded for a new sentencing hearing. See State v. Sansing, 206 Ariz. 232, 77 P.3d 30 (2003); Resendis-Felix.
¶ 14 On the record before us, we cannot say beyond a reasonable doubt that a jury would have found the same aggravating factors as the trial court. The court’s finding of “significant emotional harm to multiple victims” is an inherently subjective determination. Moreover, of the five aggravating factors found, only three are among the aggravators listed in § 13-702(C). The trial court could only have found the other two aggravating factors under § 13-702(C)(20), the “catch-all” provision authorizing a court to use “[a]ny other factor that the court deems appropriate to the ends of justice.” We cannot conclude that a jury would have necessarily considered these nonenumerated factors, much less have found them established beyond a reasonable doubt.[2] Of the enumerated § 13-702(C) aggravating factors the trial court found — that the offense was committed for pecuniary gain, that the offense caused significant emotional harm to multiple victims, and that Timmons had accomplices — only one, the presence of accomplices, was found beyond a reasonable doubt by the jury. Further, although Timmons has conceded the error is harmless, the jury did not make a separate finding that he had committed the offense for pecuniary gain. Cf. State v. Medina, 193 Ariz. 504, ¶ 32, 975 P.2d 94, 103 (1999) (“[t]he existence of an economic motive at some point during the events surrounding a murder is not enough” to establish capital aggravating factor of pecuniary gain under A.R.S. § 13-703(F)(5)).
¶ 15 In addition,
the trial court’s aggravating-circumstance findings could have been based merely on *398 “reasonable evidence in the record,” State v. Meador, 132 Ariz. 343, 347, 645 P.2d 1257, 1261 (App.1982); State v. Viramontes, 204 Ariz. 360, 64 P.3d 188 (2003), and not satisfied the higher, beyond-a-reasonable-donbt standard Blakely and Apprendi mandate for jury findings.
Resendis-Felix, 209 Ariz. 292, ¶ 9, 100 P.3d at 460. Thus, we cannot conclude beyond a reasonable doubt that the Blakely error was harmless and did not contribute to or affect Timmons’s sentences, see Sansing; Resen-dis-Felix, particularly because, in addition to relying on the presence of accomplices, the court also weighed four additional aggravating factors not found beyond a reasonable doubt by the jury.

Constitutionality of Arizona’s Sentencing Scheme

¶ 16 Timmons argues that, because the basic noncapital sentencing statute, § 13-702, provides no basis for a jury to determine aggravating or mitigating sentencing factors, Arizona’s entire sentencing scheme is unconstitutional. Further, he insists the subsection requiring a trial court to find sentencing factors, § 13-702(B), is not severable. “We have a duty to construe a statute to be constitutional if possible.” Conn, 209 Ariz. 195, ¶ 6, 98 P.3d at 883.
¶ 17 Division One of this court recently addressed the sentencing scheme’s constitutionality in Conn. There, the trial court had determined that Blakely “essentially invalidated Arizona’s statutory scheme for imposing aggravated sentences unless a defendant waives a right to a jury trial on aggravating factors.” Id. ¶ 5. Division One disagreed, holding instead that “[t]here is nothing in the plain language of A.R.S. § 13-702(B) that prohibits a trial court from submitting aggravating factors to the jury. Moreover, nothing in A.R.S. § 13-702(B) prevents a jury from finding aggravating factors.” Id. ¶ 7. We agree.
¶ 18 We see no inconsistency in applying Blakely within the structure the legislature prescribed in § 13-702. The statutory scheme requires one fact-finder to find all aggravating factors. That Blakely requires that those factors be found beyond a reasonable doubt by a jury rather than by a trial court does no violence to the legislature’s intent. The court will continue to find, as the statute requires, any mitigating factors and then weigh those factors against the aggravating factors to determine whether the sentence it imposes should be different from the presumptive sentence.
¶ 19 Although the current sentencing scheme does not provide specifically for a jury trial during the sentencing phase of a noncapital case, a “court may utilize its inherent authority to convene a jury trial on the existence of facts that may support imposition of an aggravated sentence.” Aragon v. Wilkinson, 209 Ariz. 61, ¶ 15, 97 P.3d 886, 891 (App.2004). Accordingly, we cannot find the sentencing scheme infirm based on the absence of specific procedures requiring a jury to find aggravating circumstances. We accordingly conclude that Arizona’s sentencing scheme is constitutional.

Aggravating Factors Not Charged in the Indictment

¶ 20 Timmons argues that, on remand for resentencing, any aggravating factor that was not charged in the indictment may not be considered by a jury empaneled to find aggravating sentencing factors. Because Timmons has not yet been resentenced, any such issue is not ripe for appeal, nor has it been decided by the trial court.[3] See State v. Cruz, 27 Ariz.App. 44, 550 P.2d 1086 (1976). Accordingly, we decline to address it.
¶ 21 We affirm Timmons’s convictions and his presumptive sentences, but vacate his aggravated sentences and remand the ease to the trial court for further proceedings consistent with this decision.
JOSEPH W. HOWARD, P. J., concurring.

. This finding is implicit in the verdict because the jury found Timmons guilty of aggravated robbery. Aggravated robbery is robbery committed with one or more accomplices actually present. A.R.S. § 13-1903(A).

. The state concedes that, because Timmons admitted only that he had been on probation when he committed the offenses, not that he had a prior conviction, the trial court could only have considered his probation status an aggravating factor under the nonenumerated, “catch-all” provision in § 13-702(C)(20). Consequently, we cannot conclude beyond a reasonable doubt that a jury would have found Timmons’s probationary status to be an aggravating factor.

. We note that the Arizona Supreme Court has held, in a capital context, that aggravating factors need not be charged in the indictment. McKaney v. Foreman, 209 Ariz. 268, 100 P.3d 18 (2004).