NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JORGE ALDAVAZ MUNOZ, *Petitioner.*

No. 1 CA-CR 16-0629 PRPC
FILED 10-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2014-112195-001
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**D O W N I E**, Judge:

¶1        Jorge Aldavaz Munoz petitions for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.  For the reasons stated, we grant review but deny relief.

¶2        Munoz was indicted on three counts of sexual conduct with a minor, two counts of molestation of a child, and two counts of furnishing obscene or harmful items to a minor.  On the day of trial, he accepted a plea offer, pleading guilty to one count of attempted sexual conduct with a minor, one count of attempted molestation of a child, and one count of sexual conduct with a minor under 15 years of age.  The plea agreement specifically stated that Munoz agreed the offenses caused emotional harm to the victim.  Per the plea agreement, Munoz was to be sentenced to lifetime probation for the attempt offenses and to a term of imprisonment between 20 and 24 years on the sexual conduct charge.  The other charges were dismissed.  Munoz was sentenced to 24 years on the sexual conduct charge and lifetime probation on the remaining two counts.

¶3        Munoz is a native Spanish-speaker who claims he does not read, write, or understand English.  He was provided a Spanish interpreter for all proceedings, and his attorney spoke fluent Spanish.

¶4        Munoz filed a timely petition for post-conviction relief, alleging that his sentence had been illegally aggravated and that counsel was ineffective for failing to explain the consequences of admitting that his offenses caused emotional harm to the victim and for failing to object to the aggravated sentence.  The issues were fully briefed, and the superior court thereafter summarily dismissed the petition.  Absent an abuse of discretion or error of law, we will not disturb that ruling.  *See State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 19 (2012).

¶5        Munoz alleges his sentence was illegally aggravated, as he had no notice the State intended to use emotional harm to the victim as an

aggravating factor. *See State ex rel. Smith v. Conn ex rel. County of Mohave*, 209 Ariz. 195, 198–99, ¶¶ 12–14 (App. 2004) (a defendant is entitled to notice of aggravating factors that the State intends to use at sentencing). But the plea agreement clearly noted the aggravator of harm to the victim. And a court can use an aggravator if the defendant waives his *Apprendi*[1] rights by stipulating to relevant facts or consenting to judicial fact-finding. *Id*. at 199, ¶ 14. The superior court correctly found that Munoz did both.

**¶6** "When 'a defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, [the court] will regard that factor as established.'" *State v. Murdaugh*, 209 Ariz. 19, 30, ¶ 51 (2004), *quoting State v. Ring*, 204 Ariz. 534, 563, ¶ 93 (2003). Munoz claims he did not understand the significance of admitting the victim was harmed, and therefore he lacked notice. We disagree.

**¶7** During a settlement conference, the court engaged in an extensive discussion with Munoz about the risks he faced in going to trial, as well as the terms of the plea agreement and its benefits. The stipulated sentencing range of 20 to 24 years was repeated several times. Munoz was given the opportunity to speak with his attorney before making a decision. Munoz rejected the plea offer at the settlement conference, but later accepted it on the day of trial, which gave him ample opportunity to consult with counsel and weigh the risks and benefits of the agreement. At no time did Munoz ask questions or indicate he did not understand what was being explained, despite being urged to do so by the court.

**¶8** Munoz states he believed he would be sentenced to 20 years based on statements at the settlement conference. But the range of 20 to 24 years was repeated multiple times during that conference, as well as at the change of plea hearing. A mistaken subjective impression about the sentence to be received, absent substantial objective evidence showing the impression to be reasonably justified, is insufficient to support a claim of an involuntary plea. *See State v. Pritchett*, 27 Ariz. App. 701, 703 (1976). Munoz answered affirmatively to all questions regarding his understanding of the plea and his voluntary entry into the plea.

---

[1]     *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296, 305 (2004), require that a jury, rather than the court, determine any fact, other than a prior conviction, that increases a defendant's statutory maximum sentence. *See State v. Price*, 217 Ariz. 182, 183, ¶ 1 (2007).

¶9 To state a colorable claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To demonstrate prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶10 Munoz did not assert a colorable claim of ineffective assistance of counsel. He presented no evidence, beyond his own unsupported statements, that counsel failed to properly advise him about the contents of the plea agreement. On the contrary, counsel avowed he was "fluent in the Spanish language," and had explained the plea to Munoz in his "native language," and Munoz stated he understood the agreement. Munoz also stated he was satisfied with the services of his lawyer. Defense counsel vigorously argued for a mitigated sentence, and he presented numerous letters supporting Munoz.

¶11 Even if Munoz could demonstrate some deficient performance by trial counsel, he has not established corresponding prejudice. He received a sentence that was within the range stipulated to in the plea agreement and below the maximum authorized by law. Further, Munoz does not assert that he would have rejected the plea but for counsel's alleged deficiencies or that the State would have ignored his admission of harm to the victim had counsel objected.

¶12 Because the superior court did not abuse its discretion in dismissing Munoz's petition, we grant review but deny relief.

