IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2004-0096 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| KEVIN ALBERT JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20032478

Honorable Virginia Kelly, Judge
Honorable Frank Dawley, Judge Pro Tempore

AFFIRMED

_____

Terry Goddard, Arizona Attorney General
  By Randall M. Howe, Karla Hotis Delord,
    and David A. Sullivan                                      Phoenix
                                                   Attorneys for Appellee


Robert J. Hooker, Pima County Public Defender
  By John F. Palumbo                                           Tucson
                                                   Attorneys for Appellant

_____


E C K E R S T R O M, Judge.

¶1 Appellant Kevin Albert Johnson was convicted after a jury trial of attempted sexual assault, burglary in the second degree, and theft of a credit card. The trial court sentenced him to concurrent, presumptive prison terms of 3.5 years each on the attempted sexual assault and burglary convictions and 1.5 years on the theft conviction. On appeal, he argues that the evidence is insufficient to support his attempted sexual assault conviction and that his sentences were imposed in violation of *Blakely v. Washington*, ___U.S.___, 124 S. Ct. 2531 (2004). We affirm.

¶2 We view the facts in the light most favorable to sustaining Johnson's convictions. *See State v. Oaks*, 209 Ariz. 432, ¶ 2, 104 P.3d 163, 164 (App. 2004). During a social gathering at a neighbor's house, D. invited several acquaintances including Johnson to her own house to socialize and drink some alcohol. A short time later, D. told her guests that she needed to go to sleep; they all left, she turned off the lights, locked the door, and went to sleep.

¶3 D. awoke to find Johnson on top of her, kissing her inner thigh and trying to take off her underwear. She pushed him away and asked how he had entered her house. Johnson said that she had let him in. D. replied that she would remember having let him in and asked him to leave. Johnson left her bedroom, but when D. went into the living room to look for her cellular telephone, she saw Johnson in the kitchen, crouched between the stove and the water heater and holding what appeared to be a bundled shirt near his chest. She again asked him to leave and, when he went out the front door, she locked it behind

2

him. After discovering that her kitchen window had been broken and some of her possessions were missing, she ran to a nearby convenience store to call 911.

¶4 D. later had a sexual assault examination. A sample collected from her inner thigh was found to contain a mixture of her and Johnson's deoxyribonucleic acid (DNA). When police officers searched her house, they found a knife on her bed that matched knives in her kitchen. The officers also found an electrical cord that had been cut from her toaster by her bedroom door and one from a power strip by the front door. Police located Johnson outside a nearby apartment complex. When officers searched his vehicle, they found D.'s cellular telephone, credit cards, and some of her jewelry inside.

¶5 Johnson argues that his conviction for attempted sexual assault is not supported by sufficient evidence and, therefore, violates his due process rights. He maintains that his acts were "mere[ly] preparatory and equivocal . . . and not the substantial step and intent required for the offense of attempt." When reviewing whether sufficient evidence supports a criminal conviction, we determine if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987). In making this assessment, we view the evidence in the light most favorable to sustaining the verdict. *Id.*

3

¶6 Here, we must assess whether the state presented sufficient evidence from which a jury could conclude beyond a reasonable doubt that (1) Johnson had intended to commit a sexual assault and (2) that he had intentionally taken any "step in a course of conduct planned to culminate" in the commission of a sexual assault. A.R.S. § 13-1001(A)(2); *see also State v. Fristoe*, 135 Ariz. 25, 29-30, 658 P.2d 825, 829-30 (App. 1982) ("any step" equivalent to "substantial step" for purposes of attempt statute). A person commits sexual assault by intentionally or knowingly engaging in oral sexual contact with another person without that person's consent. A.R.S. § 13-1406(A).

¶7 D.'s testimony that she had awakened to find Johnson on top of her, kissing her thigh, and trying to pull down her underwear; the testimony that Johnson's DNA had been found on her thigh; the testimony about the knife found on her bed; and the testimony about the cut electrical cords constitute evidence from which a rational jury could have found beyond a reasonable doubt that Johnson had taken a substantial step toward engaging in sexual contact with D. without her consent. We find no error in the jury's verdict.

¶8 Johnson also argues that he was sentenced in violation of *Blakely*. The state maintains that Johnson has waived the claim because he failed to raise it before the trial court. Assuming without deciding that Johnson's failure to raise the claim waived it, we may grant relief notwithstanding waiver if we conclude fundamental error occurred. *See State v. White*, 194 Ariz. 344, ¶ 45, 982 P.2d 819, 829 (1999). We have previously found that a trial court's imposition of a sentence in violation of a defendant's right to a jury trial

4

constitutes an illegal sentence and is therefore fundamental error. *State v. Timmons*, 209 Ariz. 403, ¶ 5, 103 P.3d 315, 317-18 (App. 2005); *State v. Resendis-Felix*, 209 Ariz. 292, ¶ 6, 100 P.3d 457, 459 (App. 2004). Accordingly, we address Johnson's claim to determine whether he received illegal sentences. We review *de novo* questions of law, such as a challenge to the legality of a sentence. *State v. Alvarez*, 205 Ariz. 110, ¶ 6, 67 P.3d 706, 709 (App. 2003).

¶9        Johnson claims that, although the trial court did not impose aggravated sentences, it "improperly found and weighed the aggravating factor of emotional harm to the victim in determining [his] sentence[s]." "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 455 (2000). In *Blakely*, the Court clarified that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." ___ U.S. at ___, 124 S. Ct. at 2537.

¶10        Under Arizona's noncapital sentencing statutes, the maximum punishment authorized by a jury verdict alone, without the finding of any additional facts, is the presumptive term. *See* A.R.S. §§ 13-701(C) and 13-702(A) (setting forth presumptive prison terms as required punishment absent trial court's finding any aggravating or mitigating factors). Indeed, the Arizona Supreme Court has specifically found that the maximum

sentence for the purposes of *Apprendi* analysis is the presumptive term. *State v. Brown*, 209 Ariz. 200, ¶ 12, 99 P.3d 15, 18 (2004). Although the trial court considered and found an aggravating factor not proved to the jury in determining Johnson's sentences, it ultimately imposed presumptive terms. Because that punishment does not exceed the statutory maximum allowed by the jury verdicts alone, the trial court did not violate the requirements of *Apprendi* and *Blakely*.

¶11 Johnson argues that the trial court's mere consideration of an aggravating factor not proved to the jury was a violation of his right to a jury trial on all the facts essential to his punishment—even if his ultimate sentences do not exceed the statutory maximum authorized by the verdicts. Specifically, Johnson maintains that his rights were violated the moment he was "exposed to or subjected to the risk of an aggravated sentence" based on the court's improper consideration of an aggravating circumstance not found by the jury. There is language in both *Apprendi* and *Blakely*, and in cases of our own, that supports this argument. *See, e.g., Apprendi*, 530 U.S. at 483, 120 S. Ct. at 2359, 147 L. Ed. 2d at 450 (suggesting trial court exceeds constitutional boundaries if it makes a determination that "*exposes* the criminal defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone") (first emphasis added); *Blakely*, ___ U.S. at ___ n.5, 124 S. Ct. at 2536 n.5 ("'[E]very fact which is legally essential to the punishment' must be charged in the indictment and proved to a jury."), *quoting* 1 J. Bishop, *Criminal Procedure* ch. 6, at 50-56 (2d ed. 1872); *State v.*

6

*Benenati*, 203 Ariz. 235, ¶ 13, 52 P.3d 804, 808 (App. 2002) ("[W]e choose to follow *Apprendi*'s logic, and *Ring*'s [*v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002),] clear message, that a fact exposing a defendant to increased sentencing, not the actual sentence imposed, is the litmus test."); *see also State v. Pitre*, 210 Ariz. 93, ¶ 17, 107 P.3d 939, 944 (App. 2005) (referring to "a defendant's constitutional right to have the jury find *all* factors that *expose* him to a sentence beyond the statutory maximum") (second emphasis added). And, we do not dispute that the aggravating factors played an essential role in the punishment the trial court chose for Johnson.[1]

¶12            But the Supreme Court has also repeatedly emphasized since deciding *Apprendi* that trial courts may freely consider other sentencing factors not found by a jury in choosing a specific punishment that does not exceed the statutory maximum as defined in *Apprendi*. As the Court cautioned in *Apprendi*: "We should be clear that nothing in [this case] suggests that it is impermissible for judges to . . . [take] into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." 530 U.S. at 481, 120 S. Ct. at 2358, 147 L. Ed. 2d at 449; *see also Harris v. United States*, 536 U.S. 545, 558, 122 S. Ct. 2406, 2415, 153 L. Ed. 2d 524, 538 (2002) ("Judicial factfinding in the course of selecting a sentence within the authorized range

---

[1]Because the trial court was not required to specify either aggravating factors or mitigating factors in imposing presumptive sentences, *see State v. Bly*, 127 Ariz. 370, 373, 621 P.2d 279, 282 (1980), we can only conclude that the court believed the analysis of both factors was integral to its ultimate conclusion.

7

does not implicate the indictment, jury-trial and reasonable-doubt components of the Fifth and Sixth Amendments."); *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 750 (2005) (same). Moreover, in context, the Supreme Court has described those facts "'legally essential to the punishment'" as nothing more than those that justify the statutory maximum, in this case, the jury verdicts. *Blakely*, ___ U.S. at ___, 124 S. Ct. at 2537, *quoting* Bishop, at 50-56. Thus, notwithstanding the Court's use of broad language in some instances when it described the scope of a defendant's right to a jury trial as to facts that determine punishment, it repeatedly has clarified that no constitutional violation occurs if the ultimate sentence falls within the range authorized by the jury verdict alone.

¶13 Arizona courts that have squarely addressed the problem in light of the recent clarifications of the issue articulated in *Blakely*, as subsequently confirmed by *Booker*, have come to the same conclusion. *State v. Miranda-Cabrera*, 209 Ariz. 220, ¶ 34, 99 P.3d 35, 42-43 (App. 2004) (finding no Sixth Amendment violation when trial court weighs non-*Blakely*-compliant aggravating circumstances against mitigating circumstances and resulting sentence is below the presumptive); *State v. Munninger*, 209 Ariz. 473, ¶ 20, 104 P.3d 204, 211 (App. 2005) (commenting that "the use of a judge-found aggravating factor to increase the *minimum* sentence . . . is not a *Blakely* problem because the right to jury trial applies only if the factor increases the sentence beyond that which can be imposed based solely on the jury verdict, i.e., a *presumptive* sentence under Arizona's sentencing scheme") (citation omitted). We therefore hold that the trial court did not err when it considered an

8

aggravating circumstance not found by the jury in sentencing Johnson, because it did not rely on that circumstance to increase his punishment beyond the maximum authorized by the jury verdicts alone.

**¶14** Johnson also challenges the constitutionality of Arizona's noncapital sentencing statutes in light of *Blakely*. We summarily reject this argument for the reasons stated in *State v. Timmons*, 209 Ariz. 403, ¶¶ 16-19, 103 P.3d 315, 320 (App. 2005); *accord State ex rel. Smith v. Conn*, 209 Ariz. 195, ¶¶ 6-7, 98 P.3d 881, 883 (App. 2004).

**¶15** Affirmed.

_____
PETER J. ECKERSTROM, Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge