145 P.3d 631

STATE of Arizona, Appellee,

v.

William Jeffrey OLMSTEAD, Appellant.

No. 1 CA–CR 05–1240.

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 26, 2006.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Coconino County Public Defender By H. Allen Gerhardt, Flagstaff, Attorney for Appellant.

## OPINION

SNOW, Judge.

¶ 1 William Jeffrey Olmstead appeals his sentence on a charge of aggravated assault. For the following reasons, we affirm the sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On February 11, 2005, the Flagstaff Police Department dispatched Officer David Ball to 1641 E. Mountain View in response to

a 911 hang-up call. Upon his arrival, Michelle Estrella informed Officer Ball that she had argued with her boyfriend, William Jeffrey Olmstead, earlier but that everything was fine. Officer Ball treated the situation as a possible domestic dispute and requested to speak with Olmstead. After entering the residence, Officer Ball found Olmstead on a couch with bloodshot eyes and detected an odor of alcohol. He was initially unresponsive, but became belligerent and verbally abusive after Officer Ball attempted to rouse him. After a series of minor physical confrontations, Olmstead struck Officer Ball on the right side of his face. He was arrested and taken into custody.

¶ 3 On March 10, 2005, a grand jury indicted Olmstead on one count of aggravated assault and he was subsequently convicted. After Olmstead agreed to stipulate to his two prior felony convictions, the State did not seek to establish aggravating factors. Olmstead requested that the court impose no greater sentence than the presumptive term. Although it found three mitigating factors, the court sentenced Olmstead to the presumptive term of three years and nine months in prison. Olmstead made no objection, but timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12–120.21(A)(1) (2003).

## DISCUSSION

■ ¶ 4 A sentence within statutory limits will not be disturbed unless the trial court abused its discretion by acting arbitrarily or capriciously. *State v. Cazares,* 205 Ariz. 425, 427 ¶ 6, 72 P.3d 355, 357 (App.2003). In this case we find no error.

■ ¶ 5 Olmstead contends the trial court erred in failing to impose a mitigated sentence when the court found mitigating, but no aggravating, factors. Under A.R.S. § 13–702(D) (Supp.2005), when a court sentences a defendant, it is required to consider two

things: first the amount of aggravating circumstances, and second, "whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term."[1] The statute spells out that if the court only finds aggravating factors it must impose an aggravated sentence. But the converse is not stated. When the court finds mitigating factors, the statute requires the court to consider "whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term." Thus, even when only mitigating factors are found, the presumptive term remains the presumptive term unless the court, in its discretion, determines that the amount and nature of the mitigating circumstances justifies a lesser term.

¶ 6 In *State v. Willcoxson,* 156 Ariz. 343, 347, 751 P.2d 1385, 1389 (App.1987), the trial court found three mitigating factors and only one aggravating factor. It nevertheless imposed the presumptive sentence. *Id.* We upheld the sentence noting that the trial court had broad discretion to decide if the mitigating factors were sufficient to justify a mitigated sentence. *Id.* "[T]he trial court is not required to make its [sentencing] decision based upon the mere numbers of aggravating or mitigating circumstances." *Id.* (citing *State v. Marquez,* 127 Ariz. 3, 7, 617 P.2d 787, 791 (App.1980)). *See also, State v. Cain,* 79 N.C.App. 35, 338 S.E.2d 898, 907 (1986) (holding trial court did not abuse its discretion by imposing a presumptive term after finding two mitigating factors, but none in aggravation). Thus, the fact that the court found only mitigating factors here and still imposed the presumptive sentence is of no moment unless, in evaluating the amount and substance of the mitigating factors found by the court, it abused its considerable discretion in doing so. We find no such abuse of discretion here.

■ ¶ 7 The three mitigating factors found by the court were that: (1) Olmstead's capacity to appreciate the wrongfulness of

---

1. Additionally, A.R.S. § 13–702.01(F) (Supp. 2005) provides that:

   Notwithstanding § 13–604 subsection C or D, if a person is convicted of a felony offense and has two or more historical prior felony convic-

tions and if the court finds that at least two mitigating factors listed in § 13–702, subsection D apply, the court *may* decrease the minimum term of imprisonment. (emphasis added).

his actions and his ability to conform to the law were significantly impaired; (2) he was employed; and (3) he had a severe drinking problem. While the court found these to be mitigating factors, we cannot say that the court abused its discretion in concluding that a presumptive sentence was nonetheless justified. While the court had the discretion to find that Olmstead's employment and drinking problem constituted mitigating factors, it was under no duty to do so. *See State v. Long,* 207 Ariz. 140, 148 ¶ 41, 83 P.3d 618, 626 (App.2004) (stating that if evidence presented in mitigation is not a specified mitigating circumstance set forth in A.R.S § 13–702(D)(1)–(4), the trial court is not obligated to even consider the evidence though, in its discretion, it may do so pursuant to A.R.S. § 13–702(D)(5)). *See also State v. Williams,* 134 Ariz. 411, 414, 656 P.2d 1272, 1275 (App. 1982) (holding that even if defendant's alcoholism affected his behavior, it still did not "require[ ] the court to impose less than the presumptive term"). Furthermore, although the court was required by A.R.S. § 13–702(D)(2) to consider Olmstead's impaired capacity to appreciate the wrongfulness of his actions and to conform his conduct to the law, it was permitted to find that a presumptive term was nevertheless appropriate. It appears the court considered the individual circumstances of the defendant and, as in *Willcoxson,* imposed a sentence well within its discretion based on the crime and criminal history of Olmstead. Thus, Olmstead has failed to establish that there has been error.

 ¶ 8 In the alternative, Olmstead argues that the entire sentencing scheme is unconstitutional as denying due process by mandating an aggravated sentence when aggravating circumstances are present but not requiring a mitigated sentence when mitigating, but no aggravating, factors are found. There is a presumption in favor of the constitutionality of a statute and the party "assailing the validity of a statute or ordinance has the burden of establishing that it infringes upon a constitutional guarantee." *New Times, Inc., v. Ariz. Bd. of Regents,* 110 Ariz. 367, 370, 519 P.2d 169, 172 (1974) (citations omitted).

¶ 9 Olmstead has failed to explain his statement that A.R.S. § 13–702(D) violates due process, and we are unable to envision why it would. Thus, he has failed to carry his substantial burden in establishing that the statute violates any constitutional guarantee or principle. We therefore decline to find that Arizona's sentencing scheme is unconstitutional.

## CONCLUSION

¶ 10 For the foregoing reasons, we uphold the conviction and sentence imposed.

CONCURRING: DANIEL A. BARKER and DONN KESSLER, Judges.