NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

REYNALDO SANCHEZ VASQUEZ, *Appellant.*

No. 1 CA-CR 14-0804
FILED 12-31-15

Appeal from the Superior Court in Maricopa County
No. CR2009-007777-001
The Honorable Sherry K. Stephens, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

Reynaldo Sanchez Vasquez, Winslow
*Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

N O R R I S, Judge:

¶1        Reynaldo Sanchez Vasquez timely appeals from his convictions and sentences for three counts of money laundering in the second degree ("money laundering"), class 3 felonies, and five counts of use of wire communication or electronic communication in drug related transactions ("use of wire communication"), class 4 felonies.   After searching the record on appeal and finding no arguable question of law that was not frivolous, Vasquez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.   This court granted counsel's motion to allow Vasquez to file a supplemental brief *in propria persona*, and he did so.  We reject the arguments raised in Vasquez's supplemental brief and, after reviewing the entire record, find no fundamental error.   Therefore, we affirm Vasquez's convictions and sentences as corrected.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        In October 2007, Phoenix police began investigating the Castro drug organization.   A confidential informant agreed to provide information to police about a man he knew as "Tony."   Detective J.B. led the investigation and set up five controlled buys of heroin between Tony and the informant.  The informant also provided police with two of Tony's telephone numbers which he used to conduct his drug trafficking business.

¶3        After receiving judicial authorization, J.B. obtained call detail reports, a pen register, and, on March 11, 2008, a signed court order authorizing police to intercept five different cellular telephone lines—two belonging to Tony and three belonging to his drug "runners."   The State played several telephone calls for the jury, and established Tony was receiving frequent telephone calls from two individuals who were buying

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Vasquez. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

drugs from Tony. J.B. testified Tony would receive up to 700 telephone calls per day and estimated he had over 100 "customers."

¶4        Vasquez became a subject of the investigation when police intercepted several telephone calls between Vasquez and Tony. Vasquez owned a cellular telephone store, and based on their investigation, police confirmed Vasquez provided Tony and his runners with cellular telephones and service. At trial, the State presented substantial evidence—principally based on numerous intercepted cellular telephone calls between Vasquez and Tony, and Vasquez's bank records—Vasquez knew Tony was selling drugs[2] and was knowingly "laundering" money for Tony.[3]

¶5        After the jury retired to begin deliberations, the superior court informed Mr. Vasquez, who had been released pending trial, as follows:

> Mr. Vasquez, you have an absolute right to be present when the jury returns with their verdict. Once I am notified that we have a verdict, we will alert your lawyer to that effect. If you have not returned back to the courtroom within an hour, I'm going to assume that you don't want to be present, and we will take the verdict without you.

Vasquez acknowledged he understood what the court had told him.

¶6        Nevertheless, after the jury notified the court it had reached a verdict, Vasquez failed to appear. The court waited the promised hour and then the jury announced its verdict on each count, as summarized above. *See supra* ¶ 1. The court issued a bench warrant for Vasquez's arrest.

¶7        Police apprehended Vasquez on April 30, 2014. The superior court conducted a "prior's trial" on June 20, 2014, finding the State proved

---

[2]During his taped interview with police, Vasquez admitted he knew Tony was a drug dealer.

[3]In CR2008-127334-030, the State charged Vasquez with illegal control of an enterprise and conspiracy to commit possession of narcotic drugs for sale. The superior court consolidated that case with this case, CR2009-007777-001, for trial purposes. The jury convicted Vasquez on the charges in Cause CR2008-127334-030. That case is not included within this appeal.

beyond a reasonable doubt that Vasquez had been convicted of a non-historical class 6 felony, theft, on July 16, 2001.

¶8        At the sentencing hearing, pursuant to the sentencing statutes in effect during the dates of Vasquez's offenses, the superior court imposed the presumptive sentence on all counts—3.5 years' imprisonment on count 1 (money laundering), a class 3 felony; 2.5 years' imprisonment on count 2 (use of wire communication), a class 4 felony; 2.5 years' imprisonment on count 3 (use of wire communication), a class 4 felony; 4.5 years' imprisonment on count 4 (use of wire communication), a class 4 felony; 6.5 years' imprisonment on count 5 (money laundering); 4.5 years' imprisonment on count 6 (use of wire communication), a class 4 felony; 6.5 years' imprisonment on count 7 (money laundering), a class 3 felony; and 4.5 years' imprisonment on count 8 (use of wire communication), a class 4 felony.[4]  The court sentenced Vasquez as a "Non Dangerous—Repetitive Category 2" offender (*see infra* ¶ 15) beginning with count 4 because he had been convicted of multiple offenses which were not committed on the same occasion.[5]  The court ordered all sentences to run concurrently except the sentence on count 2, which the court ordered to run consecutive to the sentences on the other counts.  The court thus sentenced Vasquez to a total of 9 years' imprisonment—6.5 years' plus 2.5 years' imprisonment—with 121 days' presentence incarceration credit on all counts except count 2.  *See State v. Cuen*, 158 Ariz. 86, 87, 761 P.2d 160, 161 (App. 1988) (when

_____

[4]Arizona Revised Statutes ("A.R.S.") section 13-701(C) (West 2008) governed the presumptive sentence for a "first [felony] offense" and provided for 3.5 years' imprisonment for a class 3 felony, and 2.5 years' imprisonment for a class 4 felony—counts 1 and 2 against Vasquez, committed on the same occasion.  For the "second or subsequent offense," A.R.S. § 13-702.02 (West 2008) governed the sentencing ranges.  On count 3, the superior court sentenced Vasquez to 2.5 years' imprisonment consistent with the presumptive term in A.R.S. § 13-702.02(B)(3).  And on counts 4 through 8, the court sentenced Vasquez consistent with the presumptive terms in A.R.S. § 13-702.02(B)(4).

[5]For repetitive sentencing purposes, counts 1 and 2, both committed on or about March 12, 2008, constituted a single offense, count 3, committed on or about April 1, 2008 was a single offense, count 4, committed on or about April 14, 2008 was a single offense, counts 5 and 6, committed on or about April 24, 2008, constituted a single offense, and counts 7 and 8, committed on or about May 1, 2008, constituted a single offense.  *See* A.R.S. § 13-702(A) (West 2008).

consecutive sentences are imposed, court may not give double credit for presentence time served).

**DISCUSSION**

I.  Supplemental Brief

**¶9**      Restated and reorganized for clarity, Vasquez argues in his supplemental brief that his trial counsel was ineffective because he did not have him testify at trial, did not "fight" for him, did not speak to Tony, did not play his entire recorded interview with police to the jury, "rarely objected," only spoke for him twice during the trial, and advised him not to take a plea offer.  These arguments are not properly before us.  *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007) ("[D]efendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review.").

**¶10**      Vasquez also argues appellate counsel was ineffective because he did not consult with him before filing an *Anders* brief.  This argument is also not properly before us.  To raise an ineffective assistance of appellate counsel claim, Vasquez must pursue a Rule 32 post-conviction proceeding.  *See State v. Bennett*, 213 Ariz. 562, 566, ¶ 16, 146 P.3d 63, 67 (2006) (defendant may raise appellate counsel's ineffectiveness in subsequent Rule 32 petition).

**¶11**      Vasquez next argues the State did not prove his guilt on the charges beyond a reasonable doubt because "no drugs [were] found in [his] store, [he] was never pulled over . . . to see if [he] was dealing drugs with Tony, no search warrants [were] executed [at his] residences," and the State essentially fabricated his relationship with Tony, played only those portions of his recorded interview with police that portrayed him in a poor light, demeaned his character at trial, and "never had to prove anything." We reject this argument. *See State v. Kuhs*, 223 Ariz. 376, 382, ¶ 24, 224 P.3d 192, 198 (2010) (appellate court reviews sufficiency of evidence by determining whether jury's findings are supported by substantial evidence; that is, evidence adequate to support a reasonable person's conclusion of defendant's guilt beyond a reasonable doubt).  At trial, the State played numerous incriminating cellular telephone calls between Vasquez and Tony demonstrating Vasquez knew Tony was a drug dealer,[6] and further,

---

[6]As noted, during his taped interview with police, Vasquez admitted he knew Tony was a drug dealer.  In his supplemental brief,

based on those calls and bank records, knowingly "laundered" money for Tony.

**¶12**       Finally, Vasquez argues he never gave advice on how "cricket phones can't be intercepted by police." We reject this argument. During trial, the State played an intercepted cellular telephone call in which Tony told one of his runners that Vasquez reassured him of the difficulty in intercepting calls on Cricket devices. The intercepted phone call was properly admitted as a statement of Vasquez's coconspirator. *See State v. Tucker*, 231 Ariz. 125, 144, ¶ 49, 290 P.3d 1248, 1267 (App. 2012) (declarations of coconspirator admissible "and there is no requirement that a coconspirator's statement satisfy the Confrontation Clause").

II.       *Anders* Review

**¶13**       We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Vasquez received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages except when the jury returned its verdicts. *See supra* ¶ 6. On the record before us, we conclude Vasquez waived his right to be present for this portion of the trial. *See* Ariz. R. Crim. P. 9.1 (court may infer voluntary absence if defendant had notice of proceeding, right to be present, and warning that proceeding would go forward should he fail to appear).

**¶14**       As discussed, the evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Vasquez's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Vasquez was given an opportunity to speak at sentencing and did so, and his sentences were within the range of acceptable sentences for his offenses.[7]

---

Vasquez argues the police failed to advise him of his "rights" when they interviewed him. The recording reflects, however, that a police detective informed Vasquez of his *Miranda* rights at the beginning of the interview and asked if he understood them. Vasquez said "yes."

[7]Though the sentencing court found an aggravating factor not explicitly alleged by the State, it imposed the presumptive term on all counts. Thus, even assuming the court improperly found an additional,

**¶15** We do, however, correct the sentencing minute entry to remove all references to "Category 2" from counts 4, 5, 6, 7, and 8. The sentencing statutes in effect at the time Vasquez committed the offenses did not provide for a "Category 2" classification.

## CONCLUSION

**¶16** We decline to order briefing and affirm Vasquez's convictions and sentences as corrected.

**¶17** After the filing of this decision, defense counsel's obligations pertaining to Vasquez's representation in this appeal have ended. Defense counsel need do no more than inform Vasquez of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶18** Vasquez has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Vasquez 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt

---

unalleged aggravating circumstance, we hold the court committed no error. *See State v. Johnson*, 210 Ariz. 438, 442, ¶ 13, 111 P.3d 1038, 1042 (App. 2005) (no error when court imposes presumptive term after consideration of aggravating circumstance not found by jury).