NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHAD DANIEL GARCIA, *Appellant.*

No. 1 CA-CR 16-0155
FIELD 3-16-2017

Appeal from the Superior Court in Coconino County
No. S0300CR201400243
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Law Office of David Michael Cantor PC, Phoenix
By Christine Whalin
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

**N O R R I S**, Judge:

¶1        Chad Daniel Garcia appeals his conviction and sentence for sexual assault arguing the superior court: first, failed to preserve the trial record; second, should not have dismissed a juror; third, should have questioned another juror more extensively about his relationship with Garcia; and finally, improperly imposed a presumptive sentence. We reject these arguments and affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        In March 2012, Garcia's girlfriend, and her then fifteen-year-old daughter ("the victim"), traveled to northern Arizona to visit Garcia. The victim reported to police that Garcia had raped her in the motel room that Garcia and her mother were sharing. Police initially arrested Garcia for a misdemeanor charge of furnishing alcohol to a minor and a misdemeanor charge of contributing to delinquency. A grand jury later indicted Garcia on one count of sexual assault and two counts of sexual abuse of a minor.

¶3        The jury found Garcia guilty of sexual assault but not guilty of the two counts of sexual abuse. In the aggravation phase of trial, the jury found the State had not proved the single alleged aggravating circumstance, physical and emotional harm to the victim. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-701(D)(9) (2010). The superior court then sentenced Garcia to a presumptive term of seven years' imprisonment.

## DISCUSSION

I.        Adequacy of the Appellate Record

¶4        Garcia first argues the superior court failed to preserve the trial record and infringed on his constitutional right to a meaningful appeal

---

[1]We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93, 314 P.3d 1239, 1264 (2013) (citation omitted).

when it held 11 off-the-record bench conferences. Reviewing for fundamental error because Garcia did not raise this objection in the superior court, we disagree. *See State v. Scott*, 187 Ariz. 474, 476, 930 P.2d 551, 553 (App. 1996). To prevail on fundamental error review, a defendant bears the burden of showing error, and that the error was fundamental and prejudicial. *State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005).

¶5        Our supreme court has disapproved of the practice of holding unrecorded bench conferences. *State v. Hargrave*, 225 Ariz. 1, 16, ¶ 61, 234 P.3d 569, 584 (2010). The superior court, however, is not required to record verbatim bench conferences. *Id.* at 16, ¶ 62, 234 P.3d at 584 (record sufficiently complete when trial court made after-the-fact record of unrecorded bench conferences). "[A]bsent a timely objection or some demonstrable prejudice, the failure to make a contemporaneous record of a bench conference does not constitute fundamental error." *Scott*, 187 Ariz. at 476, 930 P.2d at 553. A defendant who "point[s] to no appealable issues for which an alleged unrecorded objection has been made" fails to demonstrate prejudice. *State v. Paxton*, 186 Ariz. 580, 589, 925 P.2d 721, 730 (App. 1996).

¶6        Here, Garcia has failed to demonstrate prejudice. First, the subject matter of eight of the unrecorded bench conferences can be discerned from the context in which they occurred at trial, and they addressed issues that Garcia does not raise on appeal. Second, of the remaining unrecorded bench conferences, Garcia identifies only one bench conference, preceding dismissal of Juror No. 1, that may be related to two of the issues he has raised on appeal, s*ee infra* ¶¶ 7, 11. As we discuss in more detail below, s*ee infra* ¶¶ 7, 13, we have presumed Garcia made a timely objection and properly preserved these two issues for appellate review during this unrecorded bench conference. Thus, Garcia has not been prejudiced. *Paxton*, 186 Ariz. at 589, 952 P.2d at 730 (subsequent inability to show on record that defendant preserved issue for appeal may constitute prejudice). Accordingly, Garcia has not demonstrated fundamental error.

II.      Dismissal of Juror No. 1

¶7        Garcia next argues the superior court should not have dismissed Juror No. 1 because that juror was only accused of falling asleep during opening statements and was able to "recite information from opening statements" when questioned by the court. Although the record does not reflect Garcia objected to the court's dismissal of Juror No. 1, given that the court held an unrecorded bench conference with counsel before dismissing Juror No. 1, we have assumed that Garcia objected to the

dismissal of Juror No. 1 during that conference. Thus, reviewing the superior court's decision to dismiss Juror No. 1 for an abuse of discretion, we reject Garcia's argument. *State v. Lavers*, 168 Ariz. 376, 390, 814 P.2d 333, 347 (1991) (appellate court reviews trial court's decision to dismiss a potential juror for an abuse of discretion).

¶8          Under Arizona Rule of Criminal Procedure 18.4(b), the superior court "shall excuse" a juror for cause "[w]hen there is reasonable ground to believe that a juror cannot render a fair and impartial verdict[.]" Here, after the first recess on the second day of trial, the superior court questioned Juror No. 1 after the bailiff reported that Juror No. 1 had fallen asleep during opening statements. Juror No. 1 acknowledged she had retired to bed very late the previous evening and felt a need to close her eyes, but denied falling asleep.

¶9          The superior court then excused Juror No. 1 from the courtroom. The bailiff informed the court, on the record, that Juror No. 1 did not leave the courtroom with the other jurors at recess and she saw that Juror No. 1's eyes were closed. The bailiff then explained she "called" Juror No. 1 and "it took [Juror No. 1] a couple [of] minutes to open her eyes." The bailiff reported she had asked Juror No. 1 whether she had been sleeping, and the juror admitted she had. Based on the bailiff's statements, the superior court then found Juror No. 1 had indeed "fall[en] asleep during the opening statements" and excused her from service.

¶10          The record reflects, as the superior court found, that Juror No. 1 fell asleep during opening statements. Under these circumstances, the superior court did not abuse its discretion in concluding there was a reasonable basis to believe Juror No. 1 would be unable to fulfill her duties and render a fair verdict. *Cf. State v. Cota*, 229 Ariz. 136, 150, ¶¶ 73-74, 272 P.3d 1027, 1041 (2012) (trial court did not abuse its discretion in declining to dismiss a juror accused of sleeping without conducting voir dire; trial court personally observed juror tapping his foot and moving his wrist while his eyes were closed).

III.     Failure to Voir Dire Juror No. 4

¶11          Garcia argues that the superior court should have questioned Juror No. 4 after Juror No. 4 disclosed he had previously worked for the same employer as Garcia. *See* Ariz. R. Crim. P. 18.4(b) (court shall excuse juror if reasonable ground to believe juror unable to render a fair and impartial verdict). We disagree.

¶12          After dismissing Juror No. 1, the superior court stated:

[F]or the record, I mentioned to counsel another piece of information which was relayed to the court by the bailiff. Juror No. 4 [informed the bailiff] that he had worked at [a drug store distribution center] during a short period of time in which [Garcia] was also employed there but did not know [Garcia]. He did not work with [Garcia].

¶13 Because immediately before the superior court made its "for the record" statement, it had held an unrecorded bench conference, *see supra* ¶ 6, we assume that during this bench conference defense counsel asked the superior court to question juror No. 4 regarding his employment at the drug store distribution center. We thus review the superior court's implicit finding that Juror No. 4 could be fair and impartial for an abuse of discretion. *State v. Hoskins*, 199 Ariz. 127, 139, ¶ 37, 14 P.3d 997, 1009 (2000).

¶14 During jury voir dire, after Garcia stood up and defense counsel introduced him, none of the prospective jurors stated he or she knew Garcia. After the jury had been selected, and during his opening statements, defense counsel provided additional information about Garcia, including that he had previously worked at a drug store distribution center for 14 years. At the next recess, Juror No. 4 informed the bailiff that he had also worked for the same drug store distribution center.

¶15 Although Juror No. 4 had previously worked for the same employer as Garcia, Juror No. 4 's statements during voir dire that he had worked for his current employer for over four years demonstrated that he had stopped working at the drug store distribution center before Garcia committed the sexual assault. Additionally, the superior court had reasonable grounds to believe Juror No. 4 would be able to render a fair and impartial verdict given that Juror No. 4 failed to recognize Garcia by appearance or name, his immediate efforts to inform the superior court that he and Garcia may have had overlapping employment as soon as defense counsel told the jury that Garcia had been employed at the drug store distribution center, and his uncontested assurances to the bailiff that he did not know Garcia and had not worked with him.

¶16 Based on this record, the superior court did not abuse its discretion in failing to further question Juror No. 4. *See id.* (trial court is in the best position to address questions of fairness); *State v. Trostle*, 191 Ariz.

4, 13, 951 P.2d 869, 878 (1997) (juror "prejudice will not be presumed but must appear affirmatively from the record") (citation omitted).[2]

IV.     Imposition of Presumptive Sentence

**¶17**        Garcia argues the superior court should not have relied on three aggravating circumstances in imposing the presumptive sentence: first, physical and emotional harm to the victim—which the jury had rejected; second, Garcia's prior convictions—which were not felonies; and third, Garcia's violation of a position of trust—which was not supported by the evidence. Garcia did not object to any of the superior court's reliance on these circumstances, therefore, we review for fundamental error. *See Henderson*, 210 Ariz. at 567-68, ¶¶ 19-20, 115 P.3d at 607-08.

**¶18**        At the sentencing hearing the superior court found several mitigating circumstances. The superior court also found several aggravating circumstances, concluded that the aggravating circumstances outweighed the mitigating circumstances, and imposed the presumptive term of imprisonment. *See supra* ¶ 3.

**¶19**        Although "a trial court's imposition of a sentence in violation of a defendant's right to a jury trial constitutes an illegal sentence and is therefore fundamental error," in Arizona, the maximum punishment authorized by a jury verdict alone, without any additional factual findings, is the presumptive term. *State v. Johnson*, 210 Ariz. 438, 440-41, ¶¶ 8, 10, 111 P.3d 1038, 1040-41 (App. 2005). Thus, when the superior court finds aggravating circumstances not found by the jury, but "ultimately" imposes a presumptive sentence, the punishment "does not exceed the statutory maximum allowed by the jury verdicts alone," and the sentence is not, therefore, an illegal sentence. *Id.* at 441, ¶ 10-11, 111 P.3d at 1041. Further, we will uphold the superior court's imposition of a presumptive sentence, notwithstanding the presence of mitigating factors, unless the court "abused its considerable discretion" in imposing that sentence. *State v. Olmstead*, 213 Ariz. 534, 535, ¶ 6, 145 P.3d 631, 632 (App. 2006*)*.

---

[2]To be fair, the superior court should have briefly questioned Juror No. 4 on the record to confirm Juror No. 4's statements to the bailiff. *See Hoskins*, 199 Ariz. at 141, ¶ 48, 14 P.3d at 1011 (juror "statements" may "warrant further exploration by the trial court to assure fairness and impartiality"). But, the superior court did not abuse its discretion in not doing so.

¶20 Here, although the superior court considered aggravating circumstances not found by the jury and an aggravating circumstance that was similar to the one the jury found "not proven," the superior court imposed the presumptive sentence authorized by the jury's verdict alone. *See* A.R.S. § 13-1406(B) (2010) (presumptive term for sexual assault is seven years' imprisonment). Accordingly, the superior court did not impose an illegal sentence.

¶21 Further, the superior court did not abuse its discretion in imposing the presumptive sentence. First, although the jury did not find physical and emotional harm to the victim, the superior court's own findings that the victim suffered physical and emotional harm were supported by both the victim's testimony and other witness testimony.

¶22 Second, although Garcia argues the superior court should not have considered his misdemeanor criminal record as an aggravating circumstance, under A.R.S. § 13-701(D)(25) (Supp. 2016) the superior court may consider any other factor that "is relevant to the defendant's character or background or to the nature or circumstances of the crime." During trial, Garcia admitted to two prior convictions for driving under the influence and, more importantly, to a prior conviction for furnishing alcohol to an underage victim. As reflected in the record, the alcohol Garcia purchased and supplied rendered the victim especially vulnerable to the sexual assault, and was therefore relevant to the nature and circumstances of the crime.

¶23 Third, although, as Garcia argues, the record does not directly support the superior court's finding that Garcia violated a position of trust, Garcia sexually assaulted the victim when her mother had become incapacitated because of an illness, thus, leaving the victim vulnerable and essentially reliant on Garcia's care.[3]

¶24 Because the aggravating circumstances found by the superior court are supported by the record, the court carefully considered the various mitigating and aggravating circumstances in determining the appropriate sentence, and the superior court imposed the statutory maximum sentence, Garcia has failed to demonstrate fundamental error.

---

[3]At trial, Garcia acknowledged the victim's mother suffered from an illness that produced "debilitating" and "stroke-like symptoms," and admitted that the victim's mother had "complained of feeling sick" before going to sleep.

**CONCLUSION**

¶25 For the foregoing reasons, we affirm Garcia's conviction and sentence for sexual assault.



AMY M. WOOD • Clerk of the Court
FILED: AA

8