NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARIO J. MARTINEZ, *Appellant*.

No. 1 CA-CR 16-0362
FILED 3-21-2017

Appeal from the Superior Court in Navajo County
No. S0900CR201400702
The Honorable Ralph E. Hatch, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Emery K. La Barge, Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Appellant*

Mario J. Martinez, Douglas
*Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　　Mario J. Martinez ("Appellant") appeals his convictions for possession of dangerous drugs for sale, transportation of dangerous drugs for sale, and possession of drug paraphernalia. Appellant's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating she searched the record for error but found no arguable question of law. Appellant's counsel therefore requested that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propia persona*, and Appellant has done so, raising several issues that we address.

**¶2**　　　　We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).[1] We affirm the convictions and sentences as modified.

### FACTS AND PROCEDURAL HISTORY

**¶3**　　　　In September 2014, Appellant, along with two codefendants, was indicted for possession of dangerous drugs for sale, a class 2 felony (Count One); transportation of dangerous drugs for sale, a class 2 felony (Count Two); possession of dangerous drugs, a class 4 felony (Count Three); and possession of drug paraphernalia, a class 6 felony (Count Four).[2]

---

[1]　　　We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2]　　　Appellant and his codefendants were also indicted for another paraphernalia charge involving a rolled dollar bill (Count Five), but that charge was dropped as to Appellant.

¶4　　　　　At trial, the State presented evidence that, around 7:00 p.m. on September 10, 2014, Arizona Department of Public Safety Trooper Nathan Solomon ("Trooper Solomon") was monitoring traffic on Interstate 40. Trooper Solomon observed a gray vehicle with contact damage on the driver's side. When Trooper Solomon began to follow the vehicle, he noticed the vehicle's speed fluctuated and several times the vehicle drifted slowly toward the left lane before jerking back to the fog line on the right.

¶5　　　　　Based on these observations, Trooper Solomon pulled over the vehicle to conduct an investigatory stop. Appellant was seated in the back of the vehicle, and his two codefendants were in the driver's seat and front passenger seat. After requesting the occupants' identification, Trooper Solomon asked the driver to accompany him back to his patrol car. There, the driver explained to Trooper Solomon that the group had traveled to Phoenix from Iowa, and they had spent about a day in Phoenix. During the conversation, Trooper Solomon noted the driver's nervous demeanor and requested consent to search the vehicle. When the driver refused, Trooper Solomon detained all three individuals and contacted his dispatcher to request a K-9 unit.

¶6　　　　　After the K-9 alerted, Trooper Solomon searched the vehicle and found a small baggie containing white crystals and white powder, later determined to be methamphetamine, in the "map pocket" on the back of the front passenger seat, directly in front of where Appellant was seated. In the trunk, Trooper Solomon found a black garbage bag underneath the spare tire that contained four individually wrapped packages of methamphetamine, totaling 6.5 pounds.

¶7　　　　　At trial, the jury convicted Appellant of possession of dangerous drugs for sale (Count One); transportation of dangerous drugs for sale (Count Two); and possession of drug paraphernalia (Count Four). The jury acquitted Appellant of possession of dangerous drugs (Count Three).

¶8　　　　　The trial court sentenced Appellant to the presumptive terms of ten years in prison for Count One; ten years in prison for Count Two; and one year in prison for Count Four, with all sentences to run concurrently. The court also imposed a fine of $274,500. Appellant filed a timely notice of appeal.

**ANALYSIS**

### I. Appellant's Conviction for Possession of Dangerous Drugs for Sale is a Lesser-Included Offense

**¶9** After reviewing the record for fundamental error, we ordered briefing pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988) on whether Appellant's conviction for possession of dangerous drugs for sale was incidental to his conviction for transportation of dangerous drugs for sale, making the former a lesser-included offense. *See State v. Chabolla-Hinojosa*, 192 Ariz. 360, 965 P.2d 94 (App. 1998). Defense counsel and the State filed supplemental briefs, asserting that Appellant's conviction for possession was incidental to his conviction for transportation because both were based on the same 6.5 pounds of methamphetamine found in the trunk of the car. Because we conclude the same, we vacate Appellant's conviction for possession of dangerous drugs.

### II. Appellant's Arguments

**¶10** Appellant raises several arguments in his supplemental brief. As an initial matter, we do not address Appellant's claims that he received ineffective assistance of counsel because such claims must be raised in petitions for post-conviction relief, not on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002). We address Appellant's other arguments in turn.

**¶11** Appellant argues the State presented insufficient evidence to convict him because he "didn't know [the drugs] were in the car."[3] A conviction must be supported by substantial evidence of guilt.[4] *State v. Mathers*, 165 Ariz. 64, 66-67, 796 P.2d 866, 868-69 (1990). Here, the State presented evidence that on September 8, 2014, Appellant and three women drove from Iowa to Phoenix. The trip was arranged by two men in Iowa, who had the car serviced before the trip and determined which routes the group would take. After driving about twenty hours, the group spent the

---

[3] Because we vacate Appellant's conviction for Count One, we only address his arguments as they pertain to his convictions for Counts Two and Four.

[4] To sustain his conviction under A.R.S. § 13-3407(A)(7) (Supp. 2016), the State must show that Appellant knowingly transported a dangerous drug for sale.

night in Phoenix. The next morning, one of the women took the car for several hours before returning it to the motel for Appellant and the two other women to make the trip back to Iowa.

¶12 Appellant's codefendant, DeShane Buffalo, testified that she knew the purpose of the trip was to bring drugs back to Iowa. Buffalo stated that Appellant was present during conversations she had with their other codefendant about how much they were being paid for making the trip.

¶13 Trooper Solomon testified that he found a small bag of methamphetamine and a straw containing a white powder residue in the "map pocket" on the back of the front passenger seat, directly in front of where Appellant was sitting. Further, on the day of the arrest, Appellant was wearing a bracelet with an image of Jesus Malverde, who, according to the State's expert, is a "drug patron saint" commonly embraced by drug traffickers. Accordingly, on this record, the evidence was sufficient to permit a reasonable jury to conclude Appellant knew there were drugs in the car.

¶14 Appellant next argues the trial court erred by permitting the State's expert to testify about the significance of Jesus Malverde in relation to drug cartels. Relying on *State v. Lee*, 191 Ariz. 542, 959 P.2d 799 (1998), Appellant contends the expert's testimony was inadmissible profiling evidence. But unlike the evidence in *State v. Lee*, the testimony here was not offered as substantive proof of guilt. *See Lee*, 191 Ariz. at 547, 959 P.2d at 804. Rather, the court instructed the jury only to consider the expert's testimony relating to Jesus Malverde "as it may affect impeaching any statement" Appellant made regarding his lack of knowledge about the drugs in the car. Further, as the trial court noted, the evidence in *State v. Lee*—that the defendant took the last flight out of a drug source city, flew to a high demand area, and carried a hard-sided suitcase—is distinguishable from the evidence here, which established that Appellant was in possession of a physical object depicting a person whom drug traffickers recognize and often glorify. Accordingly, we conclude the trial court did not abuse its discretion in permitting the expert testimony. *See State v. Rodriguez*, 186 Ariz. 240, 250, 921 P.2d 643, 653 (1996) ("Absent a clear abuse of discretion, we will not second-guess a trial court's ruling on the admissibility or relevance of evidence.") (internal citations omitted).

**¶15** Finally, we reject Appellant's contention the trial court erred by sentencing him to the presumptive term.[5] Generally, a defendant "shall receive a specific term of imprisonment"—the presumptive—that "may be either increased or reduced based upon findings of specific aggravating or mitigating circumstances." *State v. Fell*, 210 Ariz. 554, 558, ¶ 13, 115 P.3d 594, 598 (2005) (internal citations and quotations omitted). The trial court has considerable discretion in evaluating the mitigating factors. *State v. Olmstead*, 213 Ariz. 534, 535, ¶ 6, 145 P.3d 631, 632 (App. 2006). Here, the trial court was well within its discretion to consider the mitigating factors presented by Appellant and nevertheless determine the presumptive term was appropriate. Therefore, the court did not abuse its discretion in sentencing Appellant to the presumptive term.

**¶16** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-67 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶17** Appellant's convictions and sentences for transportation of dangerous drugs for sale (Count Two) and possession of drug paraphernalia (Count Four) are affirmed, and his conviction for possession of dangerous drugs for sale (Count One) is vacated.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[5] Appellant also argues the fine imposed by the trial court was "excessive." Because Appellant does not develop this argument or present any authority to support this claim, it is waived. *See State v. King*, 226 Ariz. 253, 257, ¶ 11, 245 P.3d 938, 942 (App. 2011).