NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID THOMAS MELLO, *Appellant.*

No. 1 CA-CR 21-0540
FILED 10-20-2022

Appeal from the Superior Court in Mohave County
No. CR-2021-00820
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Jill L. Evans, Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

**W I L L I A M S**, Judge:

¶1 Defendant David Thomas Mello appeals his convictions and sentences for two counts of sale of dangerous drugs in violation of A.R.S. § 13-3407. Mello's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Mello was given an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Mello, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the entire record, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Twice in February 2019, Mello sold methamphetamine to a confidential informant. The State charged Mello with two counts of sale of dangerous drugs.

¶3 Before trial, the State moved *in limine* to preclude more than a dozen felony convictions of the informant under Arizona Rule of Evidence 609, and to sanitize the admission of other convictions of forgery and fraudulent schemes and artifices. The trial court granted the motion, but later allowed Mello to raise the nature of the informant's prior forgery and fraudulent schemes convictions because they "clearly. . . involved dishonest acts."

¶4 At trial, the State called both the informant and a detective as witnesses. Mello impeached the informant with the prior forgery and fraudulent schemes convictions. Regardless, the jury convicted Mello as charged.

¶5 The court sentenced Mello to two presumptive 10 year terms of imprisonment under A.R.S. § 13-3407(E), to run consecutive to each other. Mello timely appealed.

¶6 We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21, 13-4031, and -4033(A)(1).

**DISCUSSION**

¶7      Our review of the record shows no reversible error requiring remand, *Clark*, 196 Ariz. at 541, ¶ 50, but note one error we can resolve. The superior court credited Mello with 10 days of presentence incarceration credit. However, Mello was arraigned on July 19, 2021 and held in custody until September 1, 2021. Mello should have been credited with 44 days of presentence incarceration.

¶8      The remainder of the record reflects that Mello was present and represented by counsel at all critical stages. *State v. Conner*, 163 Ariz. 97, 104 (1990); *State v. Bohn*, 116 Ariz. 500, 503 (1997). The jury appropriately consisted of 8 jurors in accordance with A.R.S. § 21-102(B). The court properly instructed the jury of Mello's presumption of innocence and right not to testify, the State's burden of proof, and the elements of the charges Mello faced. Nothing during Mello's trial or sentencing hearing unfairly prejudiced him or deprived him of any constitutional protections. Though the court found aggravating factors (without the State alleging or the jury finding any), Mello was not sentenced to an aggravated term. *See State v. Johnson*, 210 Ariz. 438, 441, ¶ 10 (App. 2005).

**CONCLUSION**

¶9      We have reviewed the entire record for reversible error and find none. Accordingly, we affirm Mello's convictions and sentences but modify the sentencing minute entry to reflect that Mello is credited with 44 days of presentence incarceration.

¶10      After this decision's filing, defense counsel's obligations pertaining to Mello's representation in this appeal will end. Defense counsel need do no more than inform Mello of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Mello has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.