NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EDWARD ALLEN TACKETT, *Appellant*.

No. 1 CA-CR 16-0524
FILED 8-1-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-452489-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

Edward Allen Tackett, Eloy
*Appellant Pro Se*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris[1] joined.

---

**M c M U R D I E**, Judge:

**¶1** Edward Allen Tackett appeals his convictions for three counts of aggravated assault, Class 2 dangerous felonies (counts 1-3); one count of aggravated assault, a Class 3 dangerous felony (count 4); two counts of endangerment, Class 6 dangerous felonies (counts 5-6); and the resulting sentences. Tackett's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Tackett was given the opportunity to file a *pro se* supplemental brief, and did so. In the *pro se* brief, Tackett raised the following issues: (1) whether he was entitled to a directed verdict pursuant to Arizona Rule of Criminal Procedure 20; (2) did the superior court err by allowing the State to call a police officer "to speak as an uncharged victim" at sentencing; (3) did the prosecuting attorney commit prosecutorial misconduct; (4) was the superior court judge biased against Tackett and were improper aggravating factors used at sentencing; (5) did the superior court erroneous impose presumptive sentences; (6) whether Tackett was competent to commit the crimes and to stand trial; and (7) did the court err by entering a post-sentencing amendment to the sentencing order. Counsel asked this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶2** Our obligation in this appeal is to review "the entire record for reversible error." *Clark*, 196 Ariz. at 537, ¶ 30. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031,

---

[1] The Honorable Patricia K. Norris, a retired Judge of the Arizona Court of Appeals, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

and -4033(A)(1).[2] After reviewing the record, we affirm Tackett's convictions and sentences.

## FACTS[3] AND PROCEDURAL BACKGROUND

**¶3**        On October 29, 2013, Tackett fired shots at Buckeye police officers who were in full uniform. He also fired shots at his parents who were brought to the scene to talk to him. Officer H., Sergeant V., M.T., Tackett's father, and Officer Mc., took cover behind an SUV in a parking lot when Tackett opened fire. Two rounds fired by Tackett hit a steel beam next to the SUV and two others hit the vehicle itself. Lieutenant A. and K.T., Tackett's mother, took cover further back behind the SUV, but a bullet hit the vehicle next to them.

**¶4**        A SWAT team was called to the scene. During the SWAT team negotiations, Tackett was rambling and whispering to himself and saying he was hearing voices that were telling him they were trying to trick him. Tackett was diagnosed with Schizophrenia before the incident, and his serious mental illness was confirmed and testified to by three psychologists during trial.

**¶5**        On February 18, 2014, Tackett was found incompetent to stand trial pursuant to A.R.S. § 13-4510 and committed to the Maricopa County Correctional Health Services Restoration ("RTC") Program. On April 15, 2014, the court found Tackett had been restored to competency, and appointed a "Court Clinical Liaison to monitor [his] continuity of care, medication, and treatment." On June 23, 2015, the court granted Tackett's motion to re-evaluate Tackett's competency to stand trial pursuant to Arizona Rule of Criminal Procedure 11. On August 18, 2015, the superior court again found Tackett incompetent and ordered him into the RTC Program. On October 20, 2015, the court found Tackett had again been restored to competency.

**¶6**        A jury found Tackett guilty as noted above. The jury likewise concluded that Tackett had not proven by clear and convincing evidence

---

[2]        Absent material revision after the date of an alleged offense, we cite to the current version of applicable statutes or rules.

[3]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

that he was guilty except insane pursuant to A.R.S. § 13-502. For each of the six counts, the jury subsequently found three aggravating circumstances: the offenses were (1) dangerous; (2) committed with a deadly weapon; and (3) involved the threatened infliction of serious physical injury.

¶7            On July 22, 2016, Tackett was sentenced to the presumptive sentences of 10.5 years' imprisonment for counts 1-3, a mitigated sentence of five years' imprisonment for count 4, a mitigated sentence of 1.5 years' imprisonment for count 5, and a presumptive sentence of 2.25 years' imprisonment for count 6. All sentences were ordered to be served concurrently. The superior court gave Tackett credit for 996 days of presentence incarceration. Subsequently, the court amended the sentencing minute entry to include the language of A.R.S. § 13-1204(C) (a person convicted of an aggravated assault against a peace officer "shall be sentenced to imprisonment for not less than the presumptive sentence" and is not eligible for "release on any basis until the sentence imposed is served"). Tackett timely appealed.

## DISCUSSION

¶8            We have read and considered counsel's brief and have reviewed the record for fundamental error. *See Leon*, 104 Ariz. at 300. We find none. In his supplemental brief, however, Tackett raises several issues that we address below.

## A.      Judgment of Acquittal pursuant to Rule 20.

¶9            Tackett argues in his supplemental brief that the superior court erred by not *sua sponte* entering a judgment of acquittal.

¶10           "A motion for judgment of acquittal may be granted only if no substantial evidence supports the conviction." *State v. Escalante-Orozco*, 241 Ariz. 254, 282, ¶ 105 (2017) (quotation omitted). Substantial evidence exists if "reasonable persons may fairly differ as to whether certain evidence establishes a fact in issue." *Id.*

¶11           We have reviewed the record and find substantial evidence supports the verdicts. The superior court did not err by not *sua sponte* entering a judgment of acquittal.

**B.      State's Witness at Sentencing.**

**¶12**          Tackett further argues that the superior court erred by allowing the State to call Officer S. "to speak as an uncharged victim" at sentencing, which resulted in a harsher sentence.

**¶13**          Two police officers testified at the sentencing hearing: Officer H., who was the victim of count 1, and Officer S., who was not named as a victim in the indictment. Officer S. testified at the sentencing hearing as a witness because she was present at the scene, and bullets shot by Tackett were landing "just feet away from where [she] was at, where [she] was shielding behind." However, Officer S. statement was similar to Officer H.'s statement. The court's consideration of S.'s statement could not have been "so unduly prejudicial" to render the sentencing hearing fundamentally unfair. *See State v. Roque*, 213 Ariz. 193, 211, ¶ 56 (2006).

**C.      Prosecutorial Misconduct - Improper Statements.**

**¶14**          Tackett contends the prosecuting attorney made many improper personal opinion statements to the jury regarding Tackett's state of mind, what the prosecutor "would do in the jury's case," or "if [Tackett] killed an officer or someone." Tackett also argues the prosecutor made similarly improper statements during the sentencing hearing.

**¶15**          A conviction tainted by alleged prosecutorial misconduct will be reversed only "if (1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying [the] defendant a fair trial." *State v. Velazquez*, 216 Ariz. 300, 311, ¶ 45 (2007) (alteration in original). "The defendant must show that the offending statements were so pronounced and persistent that they permeate[d] the entire atmosphere of the trial and so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Gallardo*, 225 Ariz. 560, 568, ¶ 34 (2010) (alteration in original) (quotations omitted).

**¶16**          However, pursuant to Rule 31.13, each argument on appeal shall contain "citations to the . . . parts of the record relied on." Ariz. R. Crim. P. 31.13(c)(1)(vi). Tackett does not specifically designate the arguably prejudicial statements or provide citations to the record. Tackett has therefore waived this argument on appeal. *See State v. King*, 226 Ariz. 253, 257, ¶ 11 (App. 2011) (failing to develop argument usually results in waiver on appeal); *see also State v. Bolton*, 182 Ariz. 290, 298 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim."). Waiver aside, the record reflects the prosecutor's questions during trial and closing argument

focused on the witnesses' testimony and trial evidence. There was no prosecutorial misconduct.

### D.    Judicial Bias and Ruling on Defense Objections at Sentencing Regarding Aggravating Factors.

**¶17**         Tackett argues the superior court was biased against him at sentencing because it failed to rule when defense counsel objected to the State raising an aggravating factor not found by the jury.

**¶18**         "[T]he defendant must allege a type of [judicial] bias that would implicate his due process rights, such as bias based on a 'direct, personal, substantial pecuniary interest,' in order to constitute [structural] error." *State v. Granados*, 235 Ariz. 321, 325, ¶ 11 (App. 2014). "Other types of bias, such as '[p]ersonal bias or prejudice, . . . would not be [a] sufficient basis for imposing a constitutional requirement under the Due Process Clause.'" *Id.* (alteration in original).

**¶19**         Failure to rule on an objection does not show substantial pecuniary interest, or personal bias or prejudice. We review rulings on objections, or lack thereof, for abuse of discretion. *State v. Payne*, 233 Ariz. 484, 513, ¶ 118 (2013).

**¶20**         At sentencing, the State argued the court should consider "multiple victims" as an aggravating factor because this factor was inherent in the jury verdict. Tackett's counsel objected that this aggravator was not specifically found by the jury, nor was it raised in a sentencing memorandum. Based on the record, the court did not rule on defense counsel's objection. However, defense counsel did not request a ruling be made or clarified. *See State v. Mays*, 96 Ariz. 366, 370 (1964) ("If counsel did not understand the court's ruling, the failure to specify distinctly is not error where no request is made to be more specific."). Therefore, we hold the superior court did not abuse its discretion. *See id.* (we may conclude the superior court erred in failing to rule only after an attorney insisted a ruling be made and the court subsequently "failed or refused to make one, or . . . made a ruling [which] . . . was erroneous").

**¶21**         Moreover, the statutory and constitutional scheme allows the court to impose an aggravated sentence upon a jury finding "a single aggravating factor." *State v. Bonfiglio*, 228 Ariz. 349, 355, ¶ 22 (App. 2011) (quoting *State v. Martinez*, 210 Ariz. 578, 585, ¶ 26 (2005)). Once the jury finds at least one aggravating factor beyond a reasonable doubt, the sentencing judge may "find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *Id.*

¶22        Here, the jury found three aggravating factors. Even if the State raised an additional aggravating factor not found by the jury, it was permissible for the court to consider it. Because the court did not impose an aggravated sentence and because it did not factor in "multiple victims" as an aggravating circumstance on the record, Tackett was not prejudiced by the court's lack of ruling on the objection or by the sentence imposed. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).

**E.        Presumptive Sentences.**

¶23        Tackett next argues the superior court abused its discretion when it imposed presumptive sentences for counts 1-3 and 6, and that "sufficient evidence clearly supported mitigation of all counts." Tackett requests his case be remanded for resentencing to mitigated sentences on all counts.

¶24        "A sentence within statutory limits will not be disturbed unless the trial court abused its discretion by acting arbitrarily or capriciously." *State v. Olmstead*, 213 Ariz. 534, 535, ¶ 4 (App. 2006). "Although the trial court must give due consideration to all mitigating evidence, the weight to be given any factor asserted in mitigation falls within the trial court's sound discretion." *State v. Vermuele*, 226 Ariz. 399, 403, ¶ 15 (App. 2011); *Olmstead*, 213 Ariz. at 535, ¶¶ 5–6 (mere numbers of aggravating or mitigating circumstances are not the sole basis for the superior court's decision because it considers also the nature of the circumstances to justify imposition of a lesser term).

¶25        In *Olmstead*, we upheld the superior court's imposition of the presumptive sentence although the court found only mitigating, but no aggravating factors. 213 Ariz. at 535, ¶ 6. Here, the jury found three aggravating factors beyond a reasonable doubt for each count. The court considered all mitigating circumstances on the record and explained as to counts 1-3 and 6 that "mitigation here is very powerful," although the court could "not [] say that there isn't aggravation." We conclude the court acted within its discretion.

**F.        Tackett's Competency to Commit the Crimes and to Stand Trial.**

      **1.        Competency to Commit the Crimes.**

¶26        Tackett argues he was legally incompetent to commit the crimes charged because he suffered from a serious mental illness and was off his medications and hallucinating for two weeks prior to the incident.

Tackett also argues the "convictions and evidence against him was based only on police reports."

¶27 However, three psychologists testified to their expert opinions regarding Tackett's competency to commit the crimes. The jurors determined, as to all counts, that Tackett had not proven by clear and convincing evidence that he was guilty except insane. Sufficient evidence supported the jury findings.

### 2. Competency to Stand Trial.

¶28 Tackett contends the superior court erred when it found him competent to stand trial at the first and the second competency hearings because Tackett's mental disease caused permanent incompetency. However, Tackett concedes in his supplemental brief he could be restored to competency to stand trial with treatment, but contends his competency "could not be maintained for any significant length of time without his medications." Tackett does not argue he was not treated or medicated prior to or during trial such that he was not competent to stand trial. We find no error.

¶29 Tackett also argues the court erred by finding him competent to stand trial "based on one county employee doctor's opinion 'only.'" Weighing of the evidence is solely within the province of the fact finder. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). Because the record contains competent evidence supporting the superior court's ruling, no fundamental error occurred. *See id.* ("Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction.").

## G. Court's Amendment of the Sentencing Minute Entry.

¶30 Tackett also argues the court erred by amending the sentencing minute entry to expressly include the language required by

A.R.S. § 13-1204(C),[4] without giving Tackett notice he was prosecuted under subsection (C), which according to Tackett enhanced his sentence.

¶31 An amendment to an allegation is reviewed for an abuse of discretion. *State v. Johnson*, 198 Ariz. 245, 247, ¶ 4 (App. 2000). Whether a trial court applied the correct sentencing statute is reviewed *de novo*. *State v. Hollenback*, 212 Ariz. 12, 16, ¶ 12 (App. 2005).

¶32 Tackett was given sufficient notice of the charges against him, as all parties were aware that some of the named victims were police officers. Moreover, we do not agree with Tackett that subsection (C) enhanced his sentence. For each of the six counts, the jury found three aggravating factors. Tackett could have received aggravated sentences, but the superior court found mitigating factors sufficient to impose the presumptive sentences for the counts involving police officers. The court did not error by including the statutory language in its minute entry.

¶33 To conclude, Tackett was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Tackett all of his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Tackett's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶34 Tackett's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Tackett's representation in this appeal will end after informing Tackett of the

---

4 Section 13-1204(C) provides:

> A person who is convicted of intentionally or knowingly committing aggravated assault on a peace officer while the officer is engaged in the execution of any official duties pursuant to subsection A, paragraph 1 or 2 of this section shall be sentenced to imprisonment for not less than the presumptive sentence authorized under chapter 7 of this title and is not eligible for suspension of sentence, commutation or release on any basis until the sentence imposed is served.

outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Tackett has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA